421 F.2d 170
 Joe SHULTS, Administrator of the Estate of Talmadge Shults, deceased, and Joe Shults, Guardian and next friend of Patsy Lynn Shults, a minor, Plaintiff-Appellant,
v.
The UNITED STATES of America, Defendant-Appellee.
 No. 27044.
 United States Court of Appeals Fifth Circuit.
 December 30, 1969.
 
 Wilmer H. Mitchell, Michael J. DeMarko Holsberry, Emmanuel, Sheppard & Mitchell, Pensacola, Fla., for plaintiff-appellant.
 Clinton N. Ashmore, U. S. Atty., Tallahassee, Fla., C. W. Eggart, Jr., first Asst. U. S. Atty., Pensacola, Fla., Ralph A. Fine, Alan S. Rose, Attys., Morton Hollander, Chief, Appellate Section, Civil Division, Dept. of Justice, Washington, D. C., William D. Ruckelshaus, Asst. Atty. Gen., for defendant-appellee.
 Before TUTTLE, COLEMAN, and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This was a suit for damages under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for the death of a serviceman allegedly caused by malpractice at a military hospital. The District Court granted summary judgment for the Government. We affirm under the authority of Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).
 
 
 2
 Talmadge Shults, a sailor on liberty, was struck by an automobile. A few minutes later he was picked up by a United States Navy ambulance and taken to the hospital at the Naval Air Station at Pensacola. He was examined in the emergency room and a formal admission record was filled out. Shults died the next morning at 6:10 o'clock.
 
 
 3
 His "liberty" consisted of a forty-eight hour pass, and he was scheduled to report for duty with the Shore Patrol at 7 a. m. on October 10, 1965, which was the morning following his death.
 
 
 4
 On October 3, 1967, the administrator of the estate of the decedent, who was also the guardian and next friend of a minor daughter of the deceased, filed suit against the United States, under the Federal Tort Claims Act alleging malpractice by the physicians and others in charge at the Naval Hospital.
 
 
 5
 The summary judgment for the Government was granted on September 13, 1968, for the reason that the serviceman's death arose out of and in the course of activity incident to his military service and, thus, was not actionable under the Tort Claims Act.
 
 
 6
 In Feres, supra, the Supreme Court held, "We conclude that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service", 340 U.S. at 146, 71 S.Ct. at 159.
 
 
 7
 It is true that Shults was injured while on leave and that the leave was never formally cancelled prior to his death. Nevertheless, it is obvious that the injured man could not have been admitted, and would not have been admitted, to the Naval Hospital except for his military status. He was there treated by Naval medical personnel solely because of that status. It inescapably follows that whatever happened to him in that hospital and during the course of that treatment had to be "in the course of activity incident to service". See, also, Buer v. United States, 7 Cir., 1956, 241 F.2d 3, 64 A.L.R.2d 674, cert. denied 353 U.S. 974, 77 S.Ct. 1059, 1 L.Ed.2d 1136.
 
 The judgment of the District Court is
 
 8
 Affirmed.