Charles E. LOWE, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 30970

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 31, 1971.

Foye L. Lowe, Jr., Baton Rouge, La., for plaintiff-appellant.

Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., L. Patrick Gray, III,

Asst. Atty. Gen., Morton Hollander, Robert M. Feinson, Attys., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant Lowe appeals the district court's order granting the government's motion to dismiss his suit brought under the Federal Tort Claims Act, Title 28, U.S.C., Section 1346(b), for injuries allegedly sustained while on active duty in the United States Army. We affirm.

■ On April 17, 1967, two months prior to the end of his enlistment, Lowe underwent elective surgery. The operation was performed by, and upon the advice of, military doctors at the U. S. Army Hospital, Fort Polk, Louisiana. Lowe allegedly suffered adverse effects from this surgery. Prior to Lowe's instituting the present suit, the Army administratively denied his claim for injuries on the ground that his claim was barred by the case law governing claims of servicemen for injuries occurring incident to their service. This determination was correct.

In Shults v. United States, 5 Cir. 1969, 421 F.2d 170, a serviceman was seriously injured in an automobile accident occurring away from his base and while he was on leave. He was taken to a military hospital where he died the next morning. The administrator of the estate filed a malpractice suit against the United States under the Tort Claims Act. Under the authority of Feres v. United States, 1950, 340 U.S. 135, 71 S. Ct. 153, 95 L.Ed. 152, we affirmed the district court's dismissal of the complaint stating in part:

"It is true that Shults was injured while on leave and that the leave was never formally cancelled prior to his death. Nevertheless, it is obvious that the injured man could not have

* ■ Rule 18, 5 Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

been admitted, and would not have been admitted, to the Naval Hospital except for his military status. He was there treated by Naval medical personnel solely because of that status. It inescapably follows that whatever happened to him in that hospital, and during the course of that treatment had to be 'in the course of activity incident to service'." 421 F.2d at 171, 172.

The same conclusion must follow in the instant case. This result is not altered by the fact that the surgery here involved was "elective". It was nevertheless "activity incident to service".

Affirmed.