Lawrence W. FRAZIER, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 73-348-Civ-J-S.

United States District Court,
M. D. Florida,
Jacksonville Division.

Nov. 26, 1973.

David R. Lewis, Jacksonville, Fla., for plaintiff.

Peter L. Dearing, Asst. U. S. Atty., Jacksonville, Fla., for defendant.

## ORDER

CHARLES R. SCOTT, District Judge.

This cause came on for hearing on defendant's motion for summary judgment, filed herein November 8, 1973. The principal issue involved is whether this cause of action against the government under the Federal Tort Claims Act is barred under the *Feres* [1] doctrine. This Court is of the opinion that there is such a bar and that the motion for summary judgment should be granted in favor of the government.

### I. FACTUAL BACKGROUND

The essential facts in this case are undisputed. On August 7, 1972, plaintiff, while on active duty in the armed forces and during normal duty hours, was injured in the Navy Exchange garage and gas station, located at the Naval Air Station, Cecil Field, Florida, due to the alleged negligence of a government (but nonmilitary) employee. The plaintiff was struck by an automobile which the employee was driving in the course of his employment. The stop at the garage had been made while plaintiff was on his way to a dental appointment at the naval installation.

### II. THE FERES DOCTRINE

The *Feres* doctrine is essentially a judicially created exception to recovery under the Federal Tort Claims Act. This exception extends to injuries to service-

1. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). *See also* Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949), and United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954).

men on active duty ". . . where the injuries arise out of or are in the course of activity incident to service". Feres v. United States, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950). *Feres* involved three individual claims, two of which arose out of alleged medical malpractice by Army surgeons. The other claim concerned a decedent who perished in a fire in a barracks which was alleged to have been knowingly unsafe. All three claims were barred on the basis that the injuries arose out of or were in the course of "activity incident to service". The common denominator in each case was that each claimant, while on active duty and not on furlough, sustained injury due to the negligence of other military personnel.

This reasoning was followed in United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954), wherein the court permitted recovery by a discharged veteran who was negligently operated upon in a Veterans Administration Hospital. The touchstone for the decision was that the injury that was sustained was not incurred while plaintiff was on active duty or subject to military discipline.

The *Feres* doctrine has been expanded by several Fifth Circuit cases. In Shults v. United States, 421 F.2d 170 (5th Cir. 1969), the plaintiff's decedent, a sailor on liberty, was struck by an automobile. He was subsequently picked up by a Navy ambulance and taken to the Naval Air Station Hospital where he subsequently died. The decedent's administrator brought a Federal Tort Claims Act action charging medical malpractice. The court barred recovery pursuant to *Feres* and reasoned as follows:

> It is true that Shults was injured *while on leave* and *that the leave was never formally cancelled prior to his death*. Nevertheless, it is obvious that the injured man could not have been admitted, and would not have been admitted, to the Naval Hospital *except for his military status*. He was there treated by Naval medical personnel solely because of that status. It ines-

capably follows that whatever happened to him in that hospital and during the course of that treatment had to be "in the course of activity incident to service". See, also, Buer v. United States, 7 Cir., 1956, 241 F.2d 3, 64 A.L.R.2d 674, cert. denied 353 U.S. 974, 77 S.Ct. 1059, 1 L.Ed.2d 1136. (emphasis added)

421 F.2d at 171–172.

*Shults* was followed in a subsequent Fifth Circuit case, Lowe v. United States, 440 F.2d 452 (5th Cir. 1971). In that case, the plaintiff underwent elective surgery two months prior to the end of his enlistment. Lowe charged that the surgery was performed negligently. The suit was held to be barred on the ground that the surgery, even though *elective*, was an "activity incident to military service". 440 F.2d at 453.

The most recent judicial pronouncement from the Fifth Circuit regarding the *Feres* doctrine is Bankston v. United States, 480 F.2d 495 (5th Cir. 1973). In that case, the decedent, while awaiting discharge from the Army while on terminal leave *at his home*, was injured in an automobile accident. The accident occurred on the exact day his terminal leave was to end and he was to be discharged from the service. He was treated in the United States Public Health Service Hospital in New Orleans, where he subsequently died because of hepatitis. Negligent transfusion of contaminated blood was charged by the plaintiff. The district court granted the government's motion for summary judgment on the basis of *Feres*. The court of appeals reversed and remanded on the sole ground that "the factual issue whether the serviceman had been discharged from military service at the time of the claimed negligence [was] unresolved". 480 F.2d at 495. The court specifically held that "the controlling fact in the case at bar is whether Bankston had been discharged from the service at the time of the alleged negligence or that his status was tantamount to being discharged for the purpose of asserting this claim". 480 F.2d at 497.

The thread that emerges from this line of cases from the Fifth Circuit is that the determinative factor under the *Feres* doctrine is the *status of the claimant*. However, the plaintiff herein contends that the controlling factor is the status of the *tortfeasor*. His theory is that since the alleged tortfeasor in this case was a *non*military government employee who was not in a command relationship with the plaintiff, the *Feres* rule of immunity does not apply. This theory was specifically rejected by the Ninth Circuit in the case of United States v. Lee, 400 F.2d 558 (9th Cir. 1968). At page 561, the court therein stated:

> The circuit courts have consistently followed the rule stated in *Feres* "that the government is not liable under the Federal Tort Claims Act for injuries to servicemen when the injuries arise out of, or are in the course of activity incident to service." (340 U.S. at 146, 71 S.Ct. at 159). The rule has been applied both when the tortious act was committed by service personnel *and when it was committed by civilian personnel of the government.* (emphasis added)

The court then proceeded to cite the following cases in which at least one tortfeasor was not connected with the military: Layne v. United States, 295 F. 2d 433 (7th Cir. 1961), cert. denied 368 U.S. 990, 82 S.Ct. 605, 7 L.Ed.2d 527; Sheppard v. United States, 369 F.2d 272 (3d Cir. 1966), cert. denied 386 U.S. 982, 87 S.Ct. 1286, 18 L.Ed.2d 230; United Air Lines, Inc. v. Wiener, 335 F.2d 379, 396–398, 402, 404 (9th Cir. 1964), cert. denied 379 U.S. 951, 85 S.Ct. 452, 13 L. Ed.2d 549. The court then stated:

> The Supreme Court and Circuit cases are consistent in holding that the status of the deceased or injured person controls. If his injury or death was connected with the military, the claim-

ant may not recover under the Tort Claims Act.

400 F.2d at 562.

This is certainly the position adopted by the Fifth Circuit in *Bankston, supra,* since the court therein disregarded entirely in its remand the fact that the alleged tortious act occurred in a *civilian* government facility, a United States Public Health Service Hospital.[2] Therefore, plaintiff's contention that the civilian status of the alleged tortfeasor is controlling herein is entirely without merit.

Plaintiff also contends that the fact that he was engaged in a strictly personal errand at the Navy Exchange garage renders the activity as not "incident to service". This contention is also without merit. In *Shults, supra,* the claimant was on 48 hour "liberty" when he died due to the alleged malpractice of the Naval hospital staff. In *Lowe, supra,* the plaintiff therein was undergoing elective surgery when he was allegedly subjected to medical malpractice. In *Bankston, supra,* the decedent was at home awaiting discharge. In the case at bar, the accident occurred while plaintiff was on active duty and during normal duty hours when he probably should not have been running a personal errand to begin with. This is clearly the situation contemplated by *Feres* and its progeny.

Therefore, it is

Ordered:

1. Defendant's motion for summary judgment, filed herein November 8, 1973, is hereby granted.

2. Summary judgment is hereby entered in favor of the defendant United States of America and against the plaintiff.

3. This opinion constitutes the Court's findings of fact and conclusions of law.

---

2. The Shults case also stressed the status of the claimant, as shown in the following language:

> Nevertheless, it is obvious that the injured man could not have been admitted, and would not have been admitted, to the Naval Hospital *except for his military status.*

He was there treated by Naval medical personnel *solely because of that status.* It inescapably follows that whatever happened to him in that hospital and during the course of that treatment had to be "in the course of activity incident to service". 421 F.2d at 171.