Thomas **HARTEN** and Laurie Harten,
Plaintiffs-Appellees,

v.

John **COONS** et al., Defendants-
Appellants.

No. 74–1023.

United States Court of Appeals,
Tenth Circuit.

Argued Aug. 21, 1974.

Decided Sept. 26, 1974.

Judith S. Feigin, Washington, D. C.
(Carla A. Hills, Asst. Atty. Gen., Victor
R. Ortega, U. S. Atty., Robert E. Kopp,
Dept. of Justice, Washington, D. C., on
the brief), for defendants-appellants.

Louis S. Marjon, Albuquerque, N. M. (James A. Toulouse, Albuquerque, N. M., on the brief), for plaintiffs-appellees.

Before HILL and McWILLIAMS, Circuit Judges, and SMITH,* District Judge.

HILL, Circuit Judge.

This is an interlocutory appeal from an order denying the government's motion to dismiss a serviceman's suit for injuries under the Federal Tort Claims Act (Act), 28 U.S.C. § 1346(b).[1]

Appellees are Thomas Harten and his wife, Laurie. In 1971, Thomas, on active duty in the United States Armed Forces, underwent an elective vasectomy operation at Sandia Base, New Mexico. He was then provided with an analysis report indicating he was sterile. Subsequently, Laurie became pregnant and bore a child. The Hartens then brought this action under the Act, in the United States District Court for the District of New Mexico, against the military medical personnel involved in the operation and the United States. The complaint alleged the operation had been negligently performed and that the Hartens had negligently been provided with an inaccurate analysis report. Additionally, the complaint requested $50,000 for the necessary costs of raising and maintaining the child to the age of eighteen.

The government moved to dismiss the suit on jurisdictional grounds. The trial court found that appellees had not exhausted their administrative remedies, and dismissed the suit without prejudice. Appellees then filed a motion for reconsideration, and stated that an administrative claim had been filed with and disapproved by the United States Army Claims Service. The motion further stated that appellees' counsel had inadvertently neglected to submit the claim to the court. The trial court vacated its order dismissing the suit and allowed the parties two months to file additional authorities concerning the government's motion to dismiss.

The government's motion placed primary emphasis on the doctrine announced in Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), that "[t]he Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." The trial court found that a vasectomy operation was not "incident to service" and denied the government's motion, but stated that an immediate appeal could be taken because the order involved a "controlling question of law as to which there is substantial ground for difference of opinion."

The question presented by this appeal appears to be one of first impression in the Tenth Circuit.[2]

---

* Honorable Talbot Smith, Eastern District of Michigan sitting by designation.

1. 28 U.S.C. § 1346(b) provides, in part: "Subject to the provisions of . . . this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

2. An analogous case is Barr v. Brezina Const. Co., 464 F.2d 1141 (10th Cir. 1972), cert. den'd, 409 U.S. 1125, 93 S.Ct. 937, 35 L.Ed.2d 256, which involved a third-party indemnity claim against the government. Brezina obtained a contract to do remodeling work on a building at Hill Air Force Base, in Utah, and sublet the installation of an access stairway. Barr, an airman on active duty, fell down the stairway while engaged in the performance of military duties. Barr instituted suit against Brezina, who settled for $45,000 and brought an indemnity action against the government on the grounds it knew the stairway was defective. The trial court dismissed the suit because, inter alia, Barr would have been precluded from direct recovery himself under the Feres doctrine. This Court affirmed.

■ Whether a serviceman's injury arises out of activity "incident to service" depends on whether it stems from an official military relationship between the negligent person and the serviceman. In other words, it depends on the claimant's "status" at the time of the injury. *See, e. g.,* Henning v. United States, 446 F.2d 774 (3rd Cir. 1971), cert. den'd, 404 U.S. 1016, 92 S.Ct. 676, 30 L.Ed.2d 664.

■ Thus, if a claimant is on leave,[3] or on inactive status at the time of the injury,[4] or if the injury is not the product of a military relationship,[5] suit under the Act may be allowed.

■ On the other hand, when a serviceman on active duty sustains an injury stemming from the military relationship, courts consistently have denied recovery under the Act.[6] Surgery, whether elective or required, is "incident to service" when performed upon a serviceman on active duty because the serviceman is taking advantage of medical privileges granted only to military personnel. Herreman v. United States, 476 F.2d 234 (7th Cir. 1973). A case in point is Lowe v. United States, 440 F.2d 452, 453 (5th Cir. 1971), cert. den'd, 404 U.S. 833, 92 S.Ct. 83, 30 L.Ed.2d 64, where a serviceman on active duty underwent elective surgery. In affirming the dismissal of the action the appellate court stated:

> [I]t is obvious that the injured man could not have been admitted, and would not have been admitted, to the Naval Hospital except for his military status. He was there treated by Naval medical personnel solely because of that status. It inescapably follows that whatever happened to him in that hospital and during the course of that treatment had to be "in the course of activity incident to service."

■ We believe Harten's injuries were sustained in the course of activity incident to service and that a suit thereon cannot be maintained under the Act. The trial court's order denying the government's motion to dismiss is therefore reversed.

3. In Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949), suit under the Act was permitted by a serviceman on leave who was negligently injured on a public highway when the vehicle in which he was riding was struck by a government vehicle driven by a government employee.

4. In United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954), a serviceman sustained a knee injury while on active duty and Veterans Administration doctors negligently operated on the knee seven years after his discharge. Suit was permitted under the Act.

5. In United States v. Snyder, 218 F.2d 266 (4th Cir. 1954), aff'd mem., 350 U.S. 906, 76 S.Ct. 191, suit under the Act was permitted by an off-duty serviceman who sustained injuries when a military aircraft crashed into his off-base residence.

6. *See, e.g.,* Herreman v. United States, 476 F.2d 234 (7th Cir. 1973), member of National Guard killed when military aircraft in which he was riding crashed; Henninger v. United States, 473 F.2d 814 (9th Cir. 1973), cert. den'd, 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51, serviceman suffered injuries when Navy doctors negligently performed a hernia operation required for discharge; Henning v. United States, 446 F.2d 774 (3rd Cir. 1971), cert. den'd, 404 U.S. 1016, 92 S.Ct. 676, 30 L.Ed.2d 664, Army doctor negligently misread a serviceman's X-ray and failed to advise him of a tubercular condition which subsequently became aggravated; Lowe v. United States, 440 F.2d 452 (5th Cir. 1971), cert. den'd, 404 U.S. 833, 92 S.Ct. 83, 30 L.Ed.2d 64, elective surgery; Shults v. United States, 421 F.2d 170 (5th Cir. 1969), sailor on liberty struck by automobile and taken to military hospital where he died due to alleged negligence of military doctors; Chambers v. United States, 357 F.2d 224 (8th Cir. 1966), serviceman drowned in military swimming pool due to alleged negligence of government in failing to keep qualified lifeguards at pool and to provide adequate life saving equipment.