**Winfred Dan VALLANCE,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 78–1051**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 13, 1978.

David Duke, Arlington, Tex., for plaintiff-appellant.

Kenneth J. Mighell, U.S. Atty., William L. Johnson, Jr., Asst. U.S. Atty., Fort Worth, Tex., for defendant-appellee.

Before MORGAN, CLARK, and TJOFLAT, Circuit Judges.

PER CURIAM:

The plaintiff, Winfred Dan Vallance, appeals the district court's dismissal of his Federal Tort Claims Act [F.T.C.A.][1] suit for failure to state a claim upon which relief can be granted. We affirm.

In April 1974, while serving in active duty as a United States naval officer, Vallance entered the Navy Regional Medical Center in Oakland, California, for diagnosis of head pains. United States Navy personnel performed an arteriogram, the results of which they termed normal. In August 1976, Vallance returned to the hospital with increased pain. Hospital personnel discovered and removed a large tumor. Allegedly, the April test results showed the tumor, but the results had been misread. Vallance charged that hospital personnel discovered the mistake after he left in April, but did not notify him. Vallance contends that the delay in treatment increased the degree of permanent damage he suffered.

In *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Su-

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

1. 28 U.S.C.A. § 1346 *et seq.* (1976).

preme Court interpreted the F.T.C.A. to exclude liability for injuries to servicemen "where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159, 95 L.Ed. at 161. Vallance argues that in seeking medical treatment at the Navy hospital he was engaged in "business of his own person," such that the injuries he sustained through alleged medical malpractice did not arise in the course of activity incident to service.

In *Shults v. United States*, 421 F.2d 170 (5th Cir. 1969), a case presenting a factual situation similar to that in the case at bar, we stated:

> it is obvious that the injured man could not have been admitted, and would not have been admitted, to the Naval Hospital except for his military status. He was there treated by Naval medical personnel solely because of that status. It inescapably follows that whatever happened to him in that hospital and during the course of that treatment had to be "in the course of activity incident to service[.]"

421 F.2d at 171–172. [Citation omitted.] Under *Shults*, Vallance engaged in activity incident to service in being treated at the Navy hospital while on active duty; therefore, he cannot maintain an action under the F.T.C.A. The order dismissing Vallance's complaint for failure to state a claim upon which relief can be granted is

AFFIRMED.