**Samuel A. THOMAS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 81–66 Civ. T–K.**

United States District Court, M. D. Florida, Tampa Division.

March 5, 1982.

page header

Robert L. McDonald, Tampa, Fla., for plaintiff.

Gary J. Takacs, Asst. U. S. Atty., Tampa, Fla., for defendant.

## ORDER

KRENTZMAN, Chief Judge.

This is a suit which alleges negligent medical treatment of plaintiff at MacDill Air Force Base, Florida. Defendant filed a motion to dismiss, arguing that the case is barred by the *Feres* doctrine, a judicially created exception to the Federal Tort Claims Act. 28 U.S.C. §§ 1346 *et seq.* (1976). Defendant attaches affidavits which establish that plaintiff was an enlisted man at the Air Force Base at the time of the alleged tort. Plaintiff opposes the motion but does not contest the affidavits concerning plaintiff's military status. Plaintiff argues that the *Feres* doctrine should not apply because its rationale has been rejected.

The U. S. Supreme Court, in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1949), held that the United States is not liable under the Federal Tort Claims Act for injuries to members of the armed forces sustained while on active duty from the negligence of others in the armed forces. Some of the rationale of the decision has subsequently been limited by the Court in other contexts. *See, e.g., United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). However, the doctrine has recently been reaffirmed in *Stencel Aero Engineering Corp. v. United States*, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1976), and has been applied by the Fifth Circuit. *See, e.g., Stanley v. C. I. A.*, 639 F.2d 1146 (5th Cir. 1981). The Fifth Circuit, moreover, has applied it in a situation similar to this case. In *Vallance v. United States*, 574 F.2d 1282 (5th Cir. 1978), the court held that because a plaintiff was treated at a military hospital solely because of his status as an enlisted military person, "whatever happened to him in that hospital and during the course of that treatment had to be 'in the course of activity incident to service.'" *Id.* at 1283 (citing *Shults v. United States*, 421 F.2d 170 (5th Cir. 1969).

Accordingly, the Court is of the opinion that defendant's motion to dismiss should be, and it is, GRANTED, pursuant to Rule 12(b)(1), Fed.R.Civ.P., for lack of jurisdiction. *See Stanley v. C. I. A., supra* at 1157, 1158. This case is DISMISSED without prejudice. Rule 41(b), F.R.Civ.P.