575 F.Supp. 470 (1983)
Edward E. ANDERSON, II, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 82-1892C (A).
United States District Court, E.D. Missouri, E.D.
September 30, 1983.
John E. Hilton, Clayton, Mo., for plaintiff.
*471 Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
HARPER, District Judge.
This matter is before the Court on the motion of defendant, United States of America, to dismiss under Rules 12(b)(1) and (6), or in the alternative for summary judgment under Rule 56, of the Federal Rules of Civil Procedure.
The facts disclosed in the pleadings are as follows: Plaintiff, Edward E. Anderson, II, was on active duty in the Navy, and a member of the crew on the U.S.S. John F. Kennedy (hereinafter referred to as Kennedy) on November 22, 1975. On that date, the Kennedy collided with another American vessel, causing numerous fires aboard the Kennedy. In the course of fighting the fires, plaintiff ingested toxic fumes and gasses which caused the gastro intestinal condition for which the plaintiff was treated. Plaintiff remained on active duty until March 17, 1977, at which time he was placed on the Navy's Temporary Disability Retired List (hereinafter referred to as TDRL), and given a disability rating of thirty percent. Plaintiff had received medical treatment before his placement on the TDRL.
Subsequent to being placed on TDRL, plaintiff continued to receive medical treatment at defendant's facilities. On August 14, 1979, plaintiff sought the services of a private physician, who recommended immediate surgery to alleviate the intense pain and discomfort that plaintiff had been suffering as the result of the original condition. Successful surgery was performed by a private surgeon shortly thereafter.
Plaintiff then filed an administrative claim for negligent medical treatment against the United States Navy and various other public bodies, and the claims were denied on May 17, 1982. Plaintiff was eventually placed on the Permanent Disability Retired List on February 19, 1982, and was given a forty percent disability rating. Plaintiff alleges that he first discovered the nature of the negligent treatment upon discussion with his private physician in August of 1979.
After having exhausted his administrative remedies, plaintiff brought suit in this Court under the Federal Tort Claims Act (hereinafter referred to as FTCA), 28 U.S.C. § 1346(b) and § 2671, et seq., for negligent medical treatment from March 17, 1977, to August 1, 1979.
Defendant's motion to dismiss is based on the grounds that plaintiff's claim is barred by the doctrine set forth in Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). The Feres doctrine bars FTCA suits against the government brought by members of the military for injuries which arose out of activities incident to military service. Defendant maintains that plaintiff's physical injury and the treatment thereof from 1976 to 1979 was a direct result of his active military service on the Kennedy and, therefore, his injuries were incident to his military service.
Plaintiff argues that the injury alleged is one only of negligent treatment received by him while he was on the Navy's TDRL, and should, therefore, be considered separate and distinct from his initial injury. Plaintiff primarily relies on United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954), for the proposition that a service member who is not on active duty at the time of the injury is not barred by Feres from bringing a FTCA suit against the government. In Brown, supra, the Supreme Court held that Feres did not bar a suit brought by a veteran who was injured in a Veterans Administration hospital after discharge from the service. The claimant in Brown had received the initial injury while on active duty, but the negligent treatment occurred seven years after he had been discharged from the service.
Plaintiff further relies on Parker v. United States, 611 F.2d 1007 (5th Cir.1980) and Johnson v. United States, 704 F.2d 1431 (9th Cir.1983) in support of his argument that an individual who was not directly subject to military control, not under the compulsion of military orders, and not performing *472 any military function at the time of the negligent act, was not engaged in any activity that would be considered incident to service according to Feres. Both cases concerned fatal automobile accidents which occurred while the victims were involved in nonmilitary activities. Plaintiff maintains that since he was leading a civilian's life, was free to go to school or conduct himself in any manner he chose, and was under no military orders nor performing any military duties in the period complained of, that his activities could not possibly be considered "incident to military service."
Two factual distinctions can be ascertained between the cases plaintiff cites and the case at bar. First, plaintiff was not discharged from service when the injury complained of occurred, as in Brown, and second, plaintiff's alleged injury occurred in a military hospital, not while he was involved in independent, non-military activities, as the victims were in Parker and Johnson.
The rationale behind the Supreme Court's holding in Feres was, (1) that the relationship between a soldier and the United States was distinctly federal, while the Federal Tort Claims Act referred, for governing law, to the place where the act or omission occurred, and, (2), that there was a federally funded care and compensation system for military personnel. Peluso v. United States, 474 F.2d 605, 606 (3rd Cir. 1973). For those reasons, the court in Feres determined that the FTCA should not be applied to armed services personnel for injuries, not only in the course of, but also arising out of activity incident to service.
Whether a service member is engaged in an activity incident to service, is a question of fact to be determined from the circumstances of each case. Woodside v. United States, 606 F.2d 134, 141 (6th Cir.1979). What Feres requires is that there be some proximate relationship between the service member's activity and the Armed Forces. Where the two are naturally related, the activity will be deemed "incident to service," even though not an essential or integral part of the mission of the Armed Forces, and even though not directly involving a command relationship between the soldier and the military. (See also Harten v. Coons, 502 F.2d 1363 (10th Cir.1974) and Henninger v. United States, 473 F.2d 814 (9th Cir.), cert. denied 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973).
Applying the standard stated above to the immediate case, it is apparent that plaintiff's activity of receiving treatment at military facilities should be deemed "incident to service." The injuries being treated were the result of an active duty military incident. After the incident, but while still on active duty, the plaintiff received almost one year and four months of the same type of medical care that he complains of later. Then, because of those same service-related injuries, plaintiff was placed on the Navy's TDRL and thereby was entitled to receive medical treatment at the defendant's facilities. It is important to note that plaintiff only complains of medical treatment received after March 17, 1977, the day on which he was taken off active duty and placed on TDRL.
An active duty service member injured while receiving treatment at a military hospital or medical facility is generally deemed to be injured incident to military service. Harten v. Coons, supra; Peluso v. United States, supra; Alexander v. United States, 500 F.2d 1 (8th Cir.1974); Shults v. United States, 421 F.2d 170 (5th Cir.1969). The fact that plaintiff only complains of injuries after being placed on TDRL should not be determinative of the "incident to service" issue. Plaintiff was not discharged from his military duties; he was subject to military law and discipline, 10 U.S.C. § 802; he was mandated by law to submit to periodic physical examination by a military doctor, 10 U.S.C. § 1210(a); and he was subject to return to active duty pending the outcome of his TDRL physical examination, 10 U.S.C. § 1211. Another factor to the "incident to service" finding is that plaintiff "could not have been admitted, and would not have been admitted, to the Naval Hospital except for his military status." *473 Shults v. United States, supra at 171-172. (See also, Alexander v. United States, supra at 5, and Miller v. United States, 643 F.2d 481, 486 (8th Cir.1980). The court in Shults further stated: "It inescapably follows that whatever happened to him [the service member] in that hospital and during the course of that treatment had to be `in the course of activity incident to service.'" Id. at 172.
The factors discussed above lead to the conclusion that plaintiff is barred by Feres in bringing this suit because he was indeed "in the course of activity incident to service." A helpful case in reaching this conclusion is Laswell v. Brown, 683 F.2d 261 (8th Cir.), cert. denied, ___ U.S. ___, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983). In Laswell, the family of a deceased former serviceman brought suit against the United States, alleging negligence for, in part, failure to treat radiation exposure after the serviceman's discharge. The serviceman there had been on military duty in the South Pacific after World War II, when the government conducted nuclear weapons tests.
In denying the post-discharge negligence claim, the court held that the plaintiff's allegations constituted a continuous tort since the original wrongful act occurred while plaintiff was on active duty, therefore meeting the "incident to service" standard of Feres.[1] Id. at 267. Similarly, plaintiff's allegations here commence on the very day in which he was taken off active duty and placed on TDRL, despite the fact that his initial injury and subsequent medical treatment preceded such inactive status by nearly one year and four months. The plaintiff's claim for negligent treatment after this date can only be viewed as a skillful reformulation of a complaint for in-service negligence. See Laswell, Id.
Finally, a defense based on the Feres doctrine is premised on the notion that there is no jurisdiction to hear the claim, as the United States has not waived sovereign immunity for this kind of suit. Therefore, this kind of defense is more appropriately raised by a motion to dismiss for lack of subject matter jurisdiction, rather than by a motion for summary judgment. Stanley v. Central Intelligence Agency, 639 F.2d 1146, 1157 (5th Cir.1981). It is the opinion of this Court that the Feres doctrine applies to these facts as a matter of law.
This Court lacks subject matter jurisdiction over plaintiff's cause of action, and accordingly the motion of defendant, United States of America, to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, is sustained, and the cause is dismissed for lack of jurisdiction.
NOTES
[1] The court in Laswell noted that their holding does not preclude an action based upon a truly independent, post-service tort.