585 F.Supp. 151 (1984)
Edwin C. LAMPITT, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. S83-0156C.
United States District Court, E.D. Missouri, Southeastern Division.
March 19, 1984.
Richard H. Ulrich, Shifrin, Treiman, Barken, Dempsey & Ulrich, St. Louis, Mo., James R. Milliken, McInnis, Fitzgerald, *152 Rees, Sharkey & McIntyre, San Diego, Cal., for plaintiff.
Thomas E. Dittmeier, U.S. Atty. by Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court upon defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons set forth below, the Court finds summary judgment to be inappropriate, but will nevertheless dismiss the action for lack of subject matter jurisdiction. Plaintiff seeks to bring this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq. alleging medical malpractice and failure to obtain informed consent on the part of two Navy physicians.
The material facts are not in dispute. Plaintiff entered the Navy in 1969, was released in 1972, and in 1977 was re-admitted as a Lieutenant in the Navy Dental Corps. From 1969 through 1979 he experienced progressive hearing loss, and in September 1978 was diagnosed by Navy physicians as having acoustic neuroma. On February 14, 1979, he underwent an operation at the Navy Regional Medical Center (NRMC) in San Diego for removal of the acoustic neuroma. The surgery was performed by a civilian surgeon, Dr. Jerald Robinson, and by at least three (3) Navy surgeons.
Subsequently one of the Navy surgeons, Dr. Lance Altenau, recommended to plaintiff that he undergo additional surgery for removal of the remaining portion of the acoustic neuroma. Plaintiff was informed that the surgical team would be the same as for the prior operation, and would include Dr. Robinson; on the basis of that representation, plaintiff decided to undergo the additional surgery.
Plaintiff underwent the second surgery on March 14, 1979. However, Dr. Robinson was not present because he received notice of the planned surgery only at the last moment and was unable to rearrange his schedule. The surgery was nevertheless performed, and subsequent to the surgery plaintiff suffered various disabilities including partial paralysis, loss of hearing and blindness in one eye. Plaintiff states by way of affidavit that he agreed to the second surgery only on the condition that Dr. Robinson, an expert in the field, would be present. Plaintiff now seeks to prove that his disabilities are a result of the negligence of the Navy surgeons in performing the second operation, and of their failure to obtain plaintiff's consent to undergo the surgery without the presence of Dr. Robinson.
Plaintiff was at all relevant times on active duty status in the United States Navy, until he was placed on the Temporary Disability Retired List (TDRL), effective August 1, 1979. (Aff. of William Crane; Pl. Ex. C). He received Temporary Additional Duty (TEMADD) orders, effective February 9, 1979, assigning him to the NRMC for treatment (Pl. Ex. E). On February 23, 1979 he received additional TEMADD orders authorizing twenty-one (21) days convalescent leave prior to returning to his regular duty station (Pl. Ex. D). While still on convalescent leave, however, he was issued TEMADD orders on March 13, 1979 reassigning him to the NRMC for the additional surgery (Pl. Ex. F). On April 13, 1979 he received orders for further assignment after an additional thirty (30) days convalescent leave (Pl. Ex. I). At all times he was under active duty orders, and was subject to the authority of his commanding officer by virtue of his active duty status (Aff. of William Crane, at 2).
Defendant seeks summary judgment on the grounds that the suit is barred by the Feres doctrine. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). This doctrine, a judicially created exception to the FTCA, precludes members of the armed forces from maintaining an FTCA action for injuries where the "claimant, while on active duty and not on furlough, sustained injury due to negligence of others in the armed forces," 340 *153 U.S. at 138, 71 S.Ct. at 155. Since such a defense is premised on the notion that the FTCA does not grant the Court jurisdiction to decide such a matter, it is appropriately raised in a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). See Stanley v. Central Intelligence Agency, 639 F.2d 1146, 1157 (5th Cir.1981). Accordingly, the Court will so consider the present motion.
The Feres court held that the government is not liable under the FTCA "where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. Thus, jurisdiction in the present case turns on whether plaintiff's medical treatment should be considered "incident to service" under Feres. The law in this circuit gives a broad reading to the "incident to service" test. Alexander v. United States, 500 F.2d 1, 5 (8th Cir.1974), cert. denied, 419 U.S. 1107, 95 S.Ct. 779, 42 L.Ed.2d 803 (1975). However, the mere fact that the injury was sustained while the serviceman was on active duty and on base does not render Feres applicable per se. Miller v. United States, 643 F.2d 481, 493 (8th Cir. 1981). Rather the Court must apply the facts of each case to determine whether the rationale behind the Feres doctrine applies. Id.
There are three principal policy grounds behind the Feres decision. First, the relationship between the government and members of its Armed Forces is "distinctly federal in character"; hence liability should not be made to depend on the fortuity of where a soldier is stationed. Second, the Veterans Benefits Act establishes a comprehensive scheme for compensation of servicemen without regard to liability. Finally, there is a "peculiar and special relationship" between a soldier and his superiors, grounded in discipline and military duty, that must be supported. See generally Stencel Aero Engineering Corp. v. United States, 431 U.S. 666, 671-72, 97 S.Ct. 2054, 2057-58, 52 L.Ed.2d 665 (1977).
Applying the above considerations, the Court concludes that the facts of this case bring plaintiff within the scope of Feres. At the time of the alleged improper actions by the Navy doctors, plaintiff was on active duty and assigned to the medical center for treatment. Knoch v. United States, 316 F.2d 532 (9th Cir.1963). Immediately prior to and after the operation he was on convalescent leave, a status granted for the sole purpose of permitting recovery, during which he was subject to recall for duty, and to military law and discipline. Further, his presence in the military hospital and access to treatment provided by the military was based solely upon privileges to which he was entitled as a serviceman. Chambers v. United States, 357 F.2d 224, 229 (8th Cir.1966); see also United States v. Carroll, 369 F.2d 618, 621 (8th Cir.1966); Shults v. United States, 421 F.2d 170 (5th Cir.1969). Hence, plaintiff's injuries occurred at a time which the "peculiar and special relationship" to the military was in effect.
Other factors also support barring recovery. Since this is a tort action, appropriate state law would have to be applied to determine liability, thus emasculating the policy of uniform rules of liability. Further, plaintiff by his own admission is entitled to and is receiving benefits for injuries he incurred in the service. Thus, there appear to be no policy grounds for abrogating the well-established Feres rule.
This result is supported by considerable precedent in cases where servicemen have sued the government for medical malpractice. See, e.g. Harten v. Coons, 502 F.2d 1363 (10th Cir.1974); Peluso v. United States, 474 F.2d 605 (3d Cir.1973); Shults v. United States, 421 F.2d 170 (5th Cir. 1969). The fact that the surgery was elective does not alter the result. Alexander v. United States, 500 F.2d 1 (8th Cir. 1974); Lowe v. United States, 440 F.2d 452 (5th Cir.), cert. denied, 404 U.S. 833, 92 S.Ct. 83, 30 L.Ed.2d 64 (1971).
Plaintiff attempts to distinguish his case from the above cases by couching his assertions in non-military terms. Plaintiff argues that he agreed only to submit himself *154 to the care of Dr. Robinson, a civilian, and not to the care of the Navy surgeons. Thus, he argues, he did not "choose" to avail himself of the military medical service, but only to a civilian surgeon. He therefore concludes that his claim "in no manner stems from his use of facilities or from any privilege to use the facilities because he was a serviceman" (Pl. Memorandum, at p. 7).
Plaintiff's argument is nothing more than a futile exercise in semantics. Fairly read, his complaint asserts a claim against the United States for the wrongful acts of its employees, two military surgeons, while plaintiff was under the care and control of a military medical facility. The alleged wrongful acts include failure to obtain informed consent to proceed with the operation without Dr. Robinson present, and negligent performance of the surgery. Regardless of how plaintiff articulates that claim, it is still one that arose while he was on active duty and not on furlough, while he was voluntarily availing himself of military medical treatment in a military medical facility, and as a result of alleged malfeasance of military officers in the conduct of that medical treatment. It is difficult to conceive of medical treatment more clearly "out of or in the course of activity incident to service" within the meaning of Feres. Thus whatever happened to him during the course of that treatment is also incident to service. Lowe v. United States, 440 F.2d at 453.
In view of the above considerations, the Court finds that the FTCA does not grant subject matter jurisdiction to hear this claim. Since there is no other basis for jurisdiction asserted, the case must be dismissed.