**Edwin C. LAMPITT, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 84–1652.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1985.

Decided Feb. 1, 1985.

Thomas E. Dittmeier, U.S. Atty., Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Richard H. Ulrich, Shifrin, Treiman, Barken, Dempsey & Ulrich, St. Louis, Mo., for appellant.

Before BRIGHT, ARNOLD and BOWMAN, Circuit Judges.

PER CURIAM.

Edwin C. Lampitt brought this action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1982). He claimed that Navy physicians performed surgery on him without the assistance of a civilian doctor, Dr. Jerald Rob-

---

inson, after Lampitt insisted on and was assured of Dr. Robinson's supervision. Lampitt argues that the surgery was negligently performed because Dr. Robinson did not supervise or participate. The District Court[1] dismissed plaintiff's claim because of the *Feres* doctrine, *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), which provides that the government is not liable under the FTCA for injuries to servicemen arising out of and incident to military duty. 585 F.Supp. 151. We affirm.

Lampitt argues that his injuries did not arise out of activity incident to service. He says that when his injury occurred he was on convalescent leave, and not on active duty. He compares his status to those of plaintiffs in *United States v. Brown*, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1952); *Johnson v. United States*, 704 F.2d 1431 (9th Cir.1983); and *Parker v. United States*, 611 F.2d 1007 (5th Cir.1980). But neither *Brown, Johnson*, nor *Parker* involved a serviceman on active duty complaining of negligent surgery by military doctors in a military hospital. The closest case is *Brown*, but it is distinguishable because Brown was a veteran, no longer subject to the control of the military.

The two companion cases to *Feres*, *Griggs v. United States* and *Jefferson v. United States*, were medical malpractice cases, and no recovery was allowed. The courts have adhered to the view that surgery on servicemen by military doctors is included within the *Feres* doctrine. See, *e.g., Alexander v. United States*, 500 F.2d 1, 5 (8th Cir.1980). Plaintiff contends that since he was on convalescent leave, he was not subject to the commands of superiors. He received orders and assignments, however, even while on convalescent leave.

He also argues that he is not specifically attacking the negligence of the Navy doctors, but rather contending that the surgery was without informed consent; had he known that Dr. Robinson would not

participate, he would not have had the surgery. We do not see the distinction. The bottom line is that he seeks recovery for injury caused by the Navy doctors' negligence, both in their own conduct of the surgery and in their failure to secure the participation of Dr. Robinson. For that he cannot recover. The District Court's judgment is

Affirmed.

---

1. The Hon. H. Kenneth Wangelin, Senior United States District Judge for the Eastern District of Missouri.