Berton DOZLER, Personal Representative of the Estate of Beverly Ann Dozler, Deceased, Appellant,

v.

UNITED STATES of America, Appellee.

No. 88–1819.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 17, 1989.

Decided March 16, 1989.

James W. Crampton, Omaha, Neb., for appellant.

Charles R. Gross, Washington, D.C., for appellee.

Before ARNOLD, BOWMAN and MAGILL, Circuit Judges.

**PER CURIAM.**

Berton Dozler appeals the district court's [1] order dismissing his suit brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–80 (1982), in which he alleged the United States Army failed to warn or protect his daughter from an assailant who shot and killed her in her barracks. The court dismissed the action as barred by *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), and its progeny. We affirm.

On December 15, 1985, James Hamilton shot and killed United States Army Sergeant Beverly Ann Dozler who was off duty and in her military barracks at Fort Bragg, North Carolina. On August 13, 1987, Dozler filed this complaint alleging that Hamilton had murdered Beverly for money at the request and direction of Latchmie Toolasprashad; Hamilton and Toolasprashad had been in the Army; Toolasprashad had been discharged only a few days before the shooting, had threatened to kill Beverly, and had taken steps to carry out his threats. Dozler alleged Army officials knew about Toolasprashad's threats and his personality disorder and unstable condition, failed to warn Beverly or provide her with adequate security, and failed to maintain preestablished security measures designed to protect personnel in on-base housing.

The district court granted the government's motion to dismiss, concluding *Feres* and its progeny barred prosecution of the case because doing so would call into question decisions of superior officers and impede military discipline. On appeal, Dozler argues the *Feres* doctrine does not apply because (1) although on base at the time of the shooting, Beverly was off duty and therefore not engaged in "activity incident to service," and (2) the issues did not involve military discipline.

In *Feres*, the Supreme Court held that service members could not bring tort suits against the government for injuries that "arise out of or are in the course of activity

1. The Honorable Lyle E. Strom, Chief United States District Judge for the District of Nebraska.

**1166**

incident to service." *Feres*, 340 U.S. at 146, 71 S.Ct. at 159. In *United States v. Shearer*, 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), the court interpreted *Feres* as barring a suit brought by the personal representative of the estate of a serviceman murdered while off base by another serviceman, because allegations that superior officers negligently failed to exert reasonable control over the serviceman, warn others he was at large, or remove him from duty before he killed the other off-duty serviceman, went "directly to the 'management' of the military," and "call[ed] into question basic choices about the discipline, supervision, and control of a serviceman." *Id.* at 58, 105 S.Ct. at 3043 (footnote omitted). *See also Brown v. United States*, 739 F.2d 362, 369 (8th Cir. 1984), *cert. denied*, 473 U.S. 904, 105 S.Ct. 3524, 87 L.Ed.2d 650 (1985) (although no connection between serviceman's activity and military service, claim that officers negligently failed to prevent racially motivated "mock hanging" was barred because it called into question disciplinary decisions of superior officers).

We agree with the district court that Dozler's claim, that Army officials knew Toolasprashad had threatened to kill Beverly and failed to warn her, calls into question military decisions of Toolasprashad's superior officers and other military personnel. Similarly, Dozler's claim that Army officials were negligent in failing to maintain security procedures is also barred. *See Feres*, 340 U.S. at 136–37, 71 S.Ct. at 155 (claim that negligently unsafe military barracks contributed to serviceman's death barred); *Lampitt v. United States*, 753 F.2d 702, 703 (8th Cir.) (per curiam), *cert. denied*, 472 U.S. 1029, 105 S.Ct. 3505, 87 L.Ed.2d 636 (1985) (claim against military doctor for negligent surgery and failure to secure participation of civilian doctor barred).

Accordingly, the district court is affirmed.