**Timothy Allen BOWERS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 89–1655.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 15, 1990.

Decided June 1, 1990.

James E. Reeves, Caruthersville, Mo., for appellant.

Lowell V. Sturgill, Jr., Washington, D.C., for appellee.

Before ARNOLD and BOWMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.

ARNOLD, Circuit Judge.

Timothy Allen Bowers sued the United States under the Federal Tort Claims Act. Bowers claimed that the doctor who examined him during his pre-induction physical for the Air Force should have discovered the cancer then present in his body. Instead, the doctor pronounced Bowers fit for duty. Bowers's cancer went untreated (thus the harm from the doctor's alleged negligence). Bowers was then sworn in to the Air Force Reserve. He was scheduled to report for active duty some five months later. In the interim, a civilian doctor discovered and treated his cancer. The Air Force learned of Bowers's condition and discharged him before he reported for active duty. Because he never entered on active military service, Bowers was not eligible for either military medical care or Veterans Administration care and benefits. 38 U.S.C. § 331.

The District Court[1] dismissed Bowers's suit alleging negligence in the Air Force's pre-induction medical exam. The Court applied the principles of *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), in granting the government's motion. That case excludes from the Federal Tort Claims Act cases brought by military personnel who allege governmental negligence in circumstances arising out of or incident to their service. The sole question in this case is the reach of *Feres*. Bowers took this appeal, and we affirm.

Whether the *Feres* doctrine applies to bar the action in this case is a question that has given us some difficulty. After a careful study of *United States v. Johnson*, 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987), the Supreme Court's latest opinion on the subject, we conclude that precedent requires us to hold that the action is barred. In *Johnson*, a service member was killed during the course of an activity incident to service, but the alleged negligence was that of civilian employees of the United States, not of military personnel. Nevertheless, the Supreme Court held that

*Feres* was a bar to the action. The status of the alleged tortfeasor, whether civilian or military, was not relevant. The Court stated its views in broad terms: "[T]he *Feres* doctrine has been applied consistently to bar all suits on behalf of service members against the Government based upon service-related injuries. We decline to modify the doctrine at this late date." *Id.* at 687–88, 107 S.Ct. at 2067 (footnote omitted).

The Court then went on to examine the various rationales that have from time to time been suggested as a basis for the *Feres* principle. First, it noted that the family of the deceased service member in the case before it would receive benefits under the Veterans' Benefits Act, 72 Stat. 1118, as amended, 38 U.S.C. § 301 *et seq.* Second, it noted the distinctively federal character of the relationship between the government and service members and emphasized that the decedent was on active duty and performing military duties at the time of his death. The location of the alleged negligence should not affect the liability of the government to the service member, the Court said. And finally, the Court noted that the claim before it, if allowed to proceed, would involve the Judiciary in sensitive military judgments. Such judgments and decisions "are inextricably intertwined with the conduct of the military mission," *id.* at 691, 107 S.Ct. at 2069 (footnote omitted), and judges should not be allowed, through the course of case-by-case adjudication, to affect such judgments and decisions.

Both Bowers and the United States can justly claim to find some support in the language of the *Johnson* opinion. Bowers was not a service member at the time of the alleged negligence, and he had been discharged by the time he brought this action. No veterans' benefits are available, not even treatment at a military hospital, because the Air Force, following its own regulations, discharged Bowers, before he entered on active duty, when it learned of

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

the disease from which he suffered. Two of the *Feres* rationales, however, do clearly apply here. First, the relationship between Bowers and the armed forces is distinctively federal, and the relationship would be disrupted by the application of the laws of the several states on medical malpractice, depending on where various alleged incidents of negligence occurred. Second, a court decision that the physicians who examined Bowers were negligent would have a direct effect upon military judgments and decisions. The availability of a negligence action for mistakes made in pre-induction physical examinations would no doubt cause the armed forces to put more personnel, more money, and so forth into the conduct of these physical examinations. Indeed, that is one purpose of the law of negligence: to deter future accidents by encouraging potential tortfeasors to be more careful. Yet, such an effect on the allocation of military resources is precisely the kind of thing that the *Feres* doctrine is supposed to prevent. Such decisions are to be made by the military itself, we are told, and not by courts.

We conclude that we are obligated to affirm this judgment. We reach this result with a pronounced lack of enthusiasm. But there is no question that pre-induction physicals are activities incident to service, and that two out of the three bases for the *Feres* doctrine apply here. Perhaps a remedy ought to be available, but that decision is not ours to make. It is for Congress, and Congress has chosen not to allow this kind of action. Or, at least, the Supreme Court has interpreted the words of Congress in such a way as not to allow this kind of action, and that is the same thing as far as judges of inferior courts are concerned.

We do not know whether there is anything that the defendant may lawfully do for this plaintiff, by way of treatment or other consideration. Indeed, the plaintiff, with the experience he has had of government physicians, may not want any such treatment. We take the liberty of urging, however, that the defendant, if it believes that some negligence may actually have occurred here, consider what steps can be appropriately taken to help the plaintiff. This is the kind of suggestion we rarely make, and it of course is not binding on anyone, but we hope it will be heeded.

The judgment is affirmed.