**James BROWN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. LR–C–94–429.**

United States District Court,
E.D. Arkansas,
Western Division.

Sept. 8, 1995.

Richard Boling, Little Rock, AR for plaintiff.

William C. Adair, Jr., Assistant U.S. Attorney, Little Rock, AR, for defendant.

### ORDER

ROY, District Judge.

Before the Court is the defendant's [1] multipronged motion to dismiss. For the reasons set out below, the motion is granted, though not for any of the theories offered by the defendant.

\* \* \* \* \* \*

■ • The defendant offers several reasons for the dismissal of this case. First, it argues that this Court lacks subject matter jurisdiction because "the plaintiff has failed to allege a jurisdictional basis for the subject action...." However, plaintiff specifically pled that he is bringing this matter as a federal question arising from the Federal Tort Claims Act ("FTCA" or "Act"), 28 U.S.C. §§ 2671 et seq., jurisdiction over claims arising thereto having been granted exclusively to this Court by 28 U.S.C. § 1346(b). (See plaintiff's complaint at ¶ 3)

■ • Defendant also argues that this Court lacks jurisdiction because any negligent act would have been committed by an independent *contractor*, i.e., the moving company which allegedly misdelivered personal property of the plaintiff to someone other then the plaintiff, rather than an "employee" of the government within the meaning of 28 U.S.C. § 2671. However, the plaintiff is alleging that it was the Air Force acting through its own personnel which negligently contributed to the loss of plaintiff's personal property. Whether the independent contractor may have *also* acted negligently is not part of plaintiff's tort claim brought before this Court under the Act.

• The defendant complains that the action could not have been brought against the defendants named by the plaintiff since they could not be sued *eo nomine*, but that has been made moot by the Court's changing the style of the case, as explained in Footnote # 1.

■ • The government further argues that the Court lacks jurisdiction because the FTCA only waives the government's sovereign immunity in tort cases, not those which sound in contract. The Court agrees to a point but finds that plaintiff's complaint sounds in tort. Essentially, plaintiff alleges that personal property of his was entrusted to the defendant, that the defendant had a duty to Mr. Brown to exercise due care when overseeing its delivery, and that the defen-

---

1. The original defendants named by the plaintiff were the Department of Defense and the United States Air Force. After the Court granted plaintiff leave to restyle his complaint, he named as defendants the former and current Secretaries of Defense and the Secretary of the Air Force.

The Federal Tort Claims Act authorizes suit against the United States only and does not permit suit against Federal agencies in their own names. Finding that the United States has been actively preparing for trial and otherwise defending this action as if it had been properly named, the Court holds that no prejudice will result in restyling this case as "James Brown v. United States of America," as shown on the heading of this Order.

dant performed that duty in a negligent manner resulting in the loss of part or all of that property. The Court finds that this is a *tort* claim properly brought under the FTCA, unless otherwise barred.

\*　　\*　　\*　　\*　　\*　　\*

■ Finally, the Court addresses a jurisdictional matter not brought up by the defendant or discussed by either side; whether this action is barred by the *Feres* doctrine. Simply put, in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Supreme Court "held that [military] service members cannot bring tort suits against the Government for injuries that 'arise out of or are in the course of activity incident to [military] service.'" *United States v. Johnson,* 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987), *citing Feres,* 340 U.S. at 146, 71 S.Ct. at 159. In other words, such cases were outside the waiver of sovereign immunity caused by the adoption of the FTCA. The doctrine has been found to govern service related *property* damage as well. *United States v. United Services Automobile Ass'n,* 238 F.2d 364, 366–68 (8th Cir.1956).

An application of *Feres* to the facts of this case results in the jurisdictional question turning on the issue of whether having one's personal property shipped back home pursuant to being discharged from service is an act "incident to service," even if the alleged act of negligence related to the loss of said property occurred *after* the serviceman's discharge date. A close examination of what are apparently undisputed facts causes the Court to conclude that Mr. Brown was no longer in the Army when his property was delivered to the wrong party.

The defendant states in its "Proposed Findings of Fact and Conclusions of Law" that "[a]ccording to DD Form 214, plaintiff was actually discharged on June 15, 1993." The plaintiff's goods "were packed on June 16, 1993, ... [which] is subsequent to the date of the claimant's discharge from the Army."[2] Counsel for the plaintiff has communicated to the Court that he believes these dates to be accurate. Thus, the packing of plaintiff's goods, plaintiff's alleged contacts

with the TMO in August, 1993, about their anticipated delivery, and the misdelivery of plaintiff's goods all occurred after he had left military service. Nevertheless, the Court concludes that the *Feres* doctrine caselaw in this Circuit constrains this Court to find that the plaintiff is barred from bringing this case under the Federal Tort Claims Act.

Perhaps the key issue in this case can be restated as follows: Is it legally possible for an allegedly negligent act to "arise out of or [be] in the course of activity incident to service" if the aggrieved party is not in the service when the tortious act takes place. In at least one case, the Eighth Circuit has reluctantly answered, "yes."

In *Bowers v. United States,* 904 F.2d 450 (8th Cir.1990), an Air Force doctor examining the plaintiff in a pre-induction physical missed the plaintiff's cancer and pronounced him fit for duty. He was sworn into the reserves, though he was not to report for active duty for another five months. In the interim period, the plaintiff saw a civilian doctor who detected and began treating the cancer. When the Air Force found out he had cancer, it discharged him before he reported for active duty. He therefore never entered active military service.

The Court of Appeals concluded the plaintiff's subsequently brought Federal Tort Claims Action for the misdiagnosis was barred by *Feres.* "We reach this result with a pronounced lack of enthusiasm. But there is no question that pre-induction physicals are activities incident to service...." *Bowers,* 904 F.2d at 452.

This Court concludes that if a mandatory physical *prior* to one being inducted is an activity "incident to service," then the "mustering out" process should be considered an activity "incident to service" as well. Indeed, it is an activity every serviceman goes through unless he dies during his term of service. The Court reasons that the mustering out process actually spills over the date of formal discharge and includes the military's return of the serviceman's property to

---

**2.** The plaintiff served in the United States Army. His property was shipped from Germany to the nearest (to Little Rock) Transportation Management Office ("TMO"), which was apparently located at Little Rock Air Force Base. The military personnel who allegedly acted negligently with regard to plaintiff's property were with the Air Force.

him, even if that return of property has not yet been completed on the day of discharge.

Because the Court finds that shipping Mr. Brown's property to him was an activity incident to his service in the military, the Court concludes that he is barred by the *Feres* doctrine from bringing his claim under the Federal Tort Claims Act. Therefore, this matter must be, and hereby is, dismissed with prejudice.

IT IS SO ORDERED.

