69 F.3d 541
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
George Melvin CANNON, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 95-1849.
 United States Court of Appeals, Eighth Circuit.
 Oct. 31, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 George Melvin Cannon appeals the District Court's[1] dismissal for lack of subject matter jurisdiction of his claims against the United States for allegedly negligent medical treatment from military physicians while serving in the United States Army. We affirm.
 
 
 2
 In January 1988, Cannon injured his left knee while training at Fort Benjamin Harrison, Indiana. Cannon alleged that despite a diagnosis of an unstable knee and a recommendation of physical therapy by a military doctor in Fort Knox, Kentucky, a doctor at Fort Benjamin Harrison refused to exempt Cannon from running two miles during physical training. Shortly thereafter, Cannon was transferred to Europe, where he served as a finance clerk. While in Europe, Cannon underwent five operations on his knees--three on his left knee and two on his right knee. Cannon returned to the United States in January 1993 and received a non-medical discharge on February 2, 1993. On October 1, 1993, he filed an administrative tort claim with the Department of the Army alleging negligent medical treatment by military physicians. After the Army denied his initial claim and appeal, Cannon filed this suit, seeking $30,000,000 in damages.
 
 
 3
 The District Court determined that no federal statute provided a basis for subject matter jurisdiction. It noted that the Federal Torts Claim Act, 28 U.S.C. Secs. 2671-80 (1988 & Supp. V 1993) ("FTCA"), exempts claims arising in a foreign country and that the Feres doctrine bars FTCA claims arising in the course of and incident to military service. It also noted that the Military Claims Act, 10 U.S.C. Sec. 2731-37 (1994) ("MCA"), exempts injuries to military personnel that occur as an incident to service and precludes judicial review of the military's denial of Cannon's MCA claim.
 
 
 4
 Our review of the District Court's dismissal for lack of subject matter jurisdiction is limited to determining whether the District Court's application of the law was correct. See Osborn v. United States, 918 F.2d 724, 730 (8th Cir.1990). The District Court correctly concluded that it had no jurisdiction under either the FTCA or the MCA, because Cannon's claims arose out of or were incident to his military service. See 10 U.S.C. Sec. 2733(b)(3) (1994) (excepting from MCA coverage injuries to military personnel which occurred incident to military service); Feres v. United States Army, 340 U.S. 135, 146 (1950) (holding FTCA provided no basis for jurisdiction where injuries allegedly caused by negligent military surgeons arose out of or were in course of activity incident to military service); Bowers v. United States, 904 F.2d 450, 451-52 (8th Cir.1990) (holding FTCA claim for allegedly negligent pre-induction physical by Air Force doctor was barred by Feres ). We further note that 10 U.S.C. Sec. 2735 (1994) precludes judicial review of the denial of Cannon's administrative tort claim under the MCA. See Schneider v. United States, 27 F.3d 1327, 1332 (8th Cir.1994), cert. denied, 115 S.Ct. 723 (1995).
 
 
 5
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri