**Carianne C. CUTSHALL, individually and as parent and natural guardian of Brandon T. Cutshall; Brandon T. Cutshall, a minor child, Appellees,**

v.

**UNITED STATES of America, Appellant.**

**No. 95–2162.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1995.

Decided Feb. 1, 1996.

---

Howard S. Scher, Appellate Attorney with the Civil Division of the U.S. Department of Justice, argued (Frank W. Hunger, Assistant Attorney General, Edward L. Dowd, Jr., United States Attorney, and Robert S. Greenspan, Appellate Attorney with the Civil Division of the U.S. Department of Justice, on the brief), for appellant.

Martha L. Neese, Bloomington, Minnesota, argued (Diana M. Olson, on the brief), for appellees.

Before MAGILL, BRIGHT and MURPHY, Circuit Judges.

BRIGHT, Circuit Judge.

Carianne C. Cutshall, a corporal in the United States Marine Corps, filed this action seeking damages for medical malpractice under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). The United States government moved for summary judgment, arguing that the *Feres* doctrine bars suits by military personnel for injuries that "arise out of or are in the course of activity incident to

service." *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950). The district court denied summary judgment, and the Government appeals. Based on United States Supreme Court and Eighth Circuit precedent, we reverse.

## I. BACKGROUND

Cutshall discovered a swollen lump in her left armpit and sought medical treatment at Navy medical facilities in California. Navy doctors diagnosed the problem as an infection, treated it with antibiotics, and repeatedly assured Cutshall that she did not have cancer. Later, after Cutshall became pregnant, Navy doctors discovered that the swollen lymph node was actually non-Hodgkins lymphoma. Cutshall underwent chemotherapy during pregnancy, and her son was born prematurely. Cutshall brought suit on her own behalf and that of her son.

For herself, Cutshall claimed damages for the risk of future illness, loss of chance of survival, and pain and suffering. The Government moved to dismiss and for summary judgment under the *Feres* doctrine because Cutshall's injuries were "incident to service." The district court denied the motion, finding that only one out of three rationales underlying the *Feres* test applied, and thus Cutshall's claims were not barred. The district court also relied on the Navy's letter to Cutshall which stated its intention to take action against the individuals associated with Cutshall's treatment and to implement new procedures. After the claims pertaining to Cutshall's son were settled,[1] the district court granted the Government's motions to stay the trial proceedings and take an interlocutory appeal on Cutshall's remaining claims. This court likewise granted the Government's petition for interlocutory appeal. We reverse the district court's order.

## II. DISCUSSION

In *Feres,* a serviceman was killed by a fire in the barracks and his estate sued the government for its negligence. 340 U.S. at 136–37, 71 S.Ct. at 155. Two companion cases

---

1. The parties have settled the claims regarding Cutshall's son Brandon, and the settlement precludes Cutshall from maintaining any claim which is dependent on or derivative of Brandon's injuries.

decided along with *Feres* both charged medical malpractice on active duty servicemen, one who later was discharged; the other died from the negligent act. *Id.* at 137, 71 S.Ct. at 155. In barring all three claims, the Supreme Court concluded "that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service[,]" and that Congress did not create in the FTCA "a new cause of action dependent on local law for service-connected injuries or death due to negligence." *Id.* at 146, 71 S.Ct. at 159.

The Supreme Court maintains it "has never deviated from [the above] characterization of the *Feres* bar[,]" and "the *Feres* doctrine has been applied consistently to bar all suits on behalf of service members against the Government based upon service-related injuries." *United States v. Johnson,* 481 U.S. 681, 686–88, 107 S.Ct. 2063, 2066–67, 95 L.Ed.2d 648 (1987). In *Johnson,* a serviceman's wrongful death action alleging negligence by civilian employees of the federal government, the Court also highlighted the three broad rationales underlying *Feres:* (1) the distinctively federal character of the relationship between the Government and members of its armed forces which entails significant risk of accidents and injuries; (2) the existence of generous statutory disability and death benefits precluding the need for additional benefits under the FTCA; and (3) the potential of these types of suits to undermine both military discipline and effectiveness and the service member's commitment. *Id.* at 689–91, 107 S.Ct. at 2068–69.

Here, the district court examined the three rationales under *Feres,* determined only one rationale—the uniquely federal relationship between Cutshall and the military—was implicated in this case, and thus concluded *Feres* did not bar this action.[2] Although this analysis finds some support in *United States v. Shearer,* 473 U.S. 52, 57, 105 S.Ct. 3039, 3042, 87 L.Ed.2d 38 (1985) (doctrine cannot be reduced to few bright line rules; each case must be examined in light of statute as

construed in *Feres* and subsequent cases), more recent Supreme Court case law departs from a counting approach of rationales under *Feres, see Johnson,* 481 U.S. at 686–88, 107 S.Ct. at 2066–67, and our own Eighth Circuit precedent appears to preclude any relief for Cutshall.

In *Lampitt v. United States,* 753 F.2d 702 (8th Cir.) (per curiam), *cert. denied,* 472 U.S. 1029, 105 S.Ct. 3505, 87 L.Ed.2d 636 (1985), this court held that *Feres* barred a medical suit brought by a serviceman, although the alleged tort had arisen when the serviceman was on convalescent leave. The serviceman had claimed Navy physicians had negligently performed surgery on him and had argued his injuries did not arise out of activity incident to service because he was not on active duty. *Id.* at 703. This court noted that the two companion cases to *Feres* related to medical malpractice where no recovery was allowed, and that courts have adhered to the view that surgical malpractice in the military comes within the bar of the *Feres* doctrine. *Id.* This court concluded that: "[t]he bottom line is that [the serviceman] seeks recovery for injury caused by the Navy doctors' negligence, both in their own conduct of the surgery and in their failure to secure the participation of [a civilian physician.] For that he cannot recover." *Id.* at 703.

In *Bowers v. United States,* 904 F.2d 450 (8th Cir.1990), this court held that *Feres* barred a medical malpractice claim by an Air Force recruit. The *Bowers'* plaintiff had cancer which was not diagnosed during a pre-induction physical at a military hospital, and his cancer continued untreated. *Id.* at 451. We concluded that *Johnson* required us to hold that the plaintiff's claim was barred under *Feres,* even though no military benefits were available to the plaintiff who was not a service member at the time of the alleged negligence. *Id.* at 451. We concluded that "a court decision that the physicians who examined [the plaintiff] were negligent would have a direct effect upon military judgments and decisions.... [A]n effect on the allocation of military resources [which] is

---

2. In light of our holding, we decline to consider the Government's assertion that a second *Feres*

rationale also applied.

precisely the kind of thing that the *Feres* doctrine is supposed to prevent." *Id.* at 452.

These cases are dispositive. We note, however, that the *Feres* doctrine has been roundly criticized as unjust and unwarranted. *See Johnson,* 481 U.S. at 692–703, 107 S.Ct. at 2070–75 (Scalia, J., dissenting); *Taber v. Maine,* 67 F.3d 1029 (2d Cir.1995) (correcting and superseding *Taber v. Maine,* 45 F.3d 598 (2d Cir.1995)); *Bowers,* 904 F.2d at 452 (reaching result with pronounced lack of enthusiasm). We, however, remain bound by the Supreme Court and our prior precedent.

Accordingly, we reverse the ruling of the district court and remand for entry of summary judgment dismissing the action.