No. 95-2162
_____

Carianne C. Cutshall,                    *
individually and as parent and           *
natural guardian of Brandon T.           *
Cutshall; Brandon T. Cutshall,           *
a minor child,                           *    Appeal From the United
                                         *    States District Court for
              Appellees,                 *    the Eastern District of
                                         *    Missouri.
      v.                                 *
                                         *
United States of America,                *
                                         *
              Appellant.                 *

_____

                Submitted:  December 15, 1995

                  Filed:  February 1, 1996

_____

Before MAGILL, BRIGHT and MURPHY, Circuit Judges.

_____


BRIGHT, Circuit Judge.


     Carianne C. Cutshall, a corporal in the United States Marine Corps, filed this action seeking damages for medical malpractice under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b).  The United States government moved for summary judgment, arguing that the Feres doctrine bars suits by military personnel for injuries that "arise out of or are in the course of activity incident to service."  Feres v. United States, 340 U.S. 135, 146 (1950).  The district court denied summary judgment, and the Government appeals.

Based on United States Supreme Court and Eighth Circuit precedent, we reverse.

## I.    BACKGROUND

Cutshall discovered a swollen lump in her left armpit and sought medical treatment at Navy medical facilities in California. Navy doctors diagnosed the problem as an infection, treated it with antibiotics, and repeatedly assured Cutshall that she did not have cancer.    Later, after Cutshall became pregnant, Navy doctors discovered that the swollen lymph node was actually non-Hodgkins lymphoma.    Cutshall underwent chemotherapy during pregnancy, and her son was born prematurely.    Cutshall brought suit on her own behalf and that of her son.

For herself, Cutshall claimed damages for the risk of future illness, loss of chance of survival, and pain and suffering.    The Government moved to dismiss and for summary judgment under the Feres doctrine because Cutshall's injuries were "incident to service."    The district court denied the motion, finding that only one out of three rationales underlying the Feres test applied, and thus Cutshall's claims were not barred.    The district court also relied on the Navy's letter to Cutshall which stated its intention to take action against the individuals associated with Cutshall's treatment and to implement new procedures.    After the claims pertaining to Cutshall's son were settled,[1] the district court granted the Government's motions to stay the trial proceedings and take an interlocutory appeal on Cutshall's remaining claims.    This court likewise granted the Government's petition for interlocutory appeal.    We reverse the district court's order.

---

[1]The parties have settled the claims regarding Cutshall's son Brandon, and the settlement precludes Cutshall from maintaining any claim which is dependent on or derivative of Brandon's injuries.

## II.  DISCUSSION

In Feres, a serviceman was killed by a fire in the barracks and his estate sued the government for its negligence.  340 U.S. at 136-37.  Two companion cases decided along with Feres both charged medical malpractice on active duty servicemen, one who later was discharged; the other died from the negligent act.  Id. at 137.  In barring all three claims, the Supreme Court concluded "that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service[,]" and that Congress did not create in the FTCA "a new cause of action dependent on local law for service-connected injuries or death due to negligence."  Id. at 146.

The Supreme Court maintains it "has never deviated from [the above] characterization of the Feres bar[,]" and "the Feres doctrine has been applied consistently to bar all suits on behalf of service members against the Government based upon service-related injuries." United States v. Johnson, 481 U.S. 681, 686-88 (1987).  In Johnson, a serviceman's wrongful death action alleging negligence by civilian employees of the federal government, the Court also highlighted the three broad rationales underlying Feres: (1) the distinctively federal character of the relationship between the Government and members of its armed forces which entails significant risk of accidents and injuries; (2) the existence of generous statutory disability and death benefits precluding the need for additional benefits under the FTCA; and (3) the potential of these types of suits to undermine both military discipline and effectiveness and the service member's commitment.  Id. at 689-91.

Here, the district court examined the three rationales under Feres, determined only one rationale--the uniquely federal relationship between Cutshall and the military--was implicated in

this case, and thus concluded Feres did not bar this action.[2] Although this analysis finds some support in United States v. Shearer, 473 U.S. 52, 57 (1985) (doctrine cannot be reduced to few bright line rules; each case must be examined in light of statute as construed in Feres and subsequent cases), more recent Supreme Court case law departs from a counting approach of rationales under Feres, see Johnson, 481 U.S. at 686-88, and our own Eighth Circuit precedent appears to preclude any relief for Cutshall.

In Lampitt v. United States, 753 F.2d 702 (8th Cir.) (per curiam), cert. denied, 472 U.S. 1029 (1985), this court held that Feres barred a medical suit brought by a serviceman, although the alleged tort had arisen when the serviceman was on convalescent leave. The serviceman had claimed Navy physicians had negligently performed surgery on him and had argued his injuries did not arise out of activity incident to service because he was not on active duty. Id. at 703. This court noted that the two companion cases to Feres related to medical malpractice where no recovery was allowed, and that courts have adhered to the view that surgical malpractice in the military comes within the bar of the Feres doctrine. Id. This court concluded that: "[t]he bottom line is that [the serviceman] seeks recovery for injury caused by the Navy doctors' negligence, both in their own conduct of the surgery and in their failure to secure the participation of [a civilian physician.] For that he cannot recover." Id. at 703.

In Bowers v. United States, 904 F.2d 450 (8th Cir. 1990), this court held that Feres barred a medical malpractice claim by an Air Force recruit. The Bowers' plaintiff had cancer which was not diagnosed during a pre-induction physical at a military hospital, and his cancer continued untreated. Id. at 451. We concluded that

---

[2]In light of our holding, we decline to consider the Government's assertion that a second Feres rationale also applied.

<u>Johnson</u> required us to hold that the plaintiff's claim was barred under <u>Feres</u>, even though no military benefits were available to the plaintiff who was not a service member at the time of the alleged negligence.  <u>Id.</u> at 451.  We concluded that "a court decision that the physicians who examined [the plaintiff] were negligent would have a direct effect upon military judgments and decisions. . . . [A]n effect on the allocation of military resources [which] is precisely the kind of thing that the <u>Feres</u> doctrine is supposed to prevent."  <u>Id.</u> at 452.

These cases are dispositive.  We note, however, that the <u>Feres</u> doctrine has been roundly criticized as unjust and unwarranted. <u>See</u> <u>Johnson</u>, 481 U.S. at 692-703 (Scalia, J., dissenting); <u>Taber v. Maine</u>, 67 F.3d 1029 (2d Cir. 1995) (correcting and superseding <u>Taber v. Maine</u>, 45 F.3d 598 (2d Cir. 1995); <u>Bowers</u>, 904 F.2d at 452 (reaching result with pronounced lack of enthusiasm).  We, however, remain bound by the Supreme Court and our prior precedent.

Accordingly, we reverse the ruling of the district court and remand for entry of summary judgment dismissing the action.

A true copy.

Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.