# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1332

_____

Kari Beck, Personal Representative of
the Estate of Cameron Gayle Beck, et al.

*Plaintiffs - Appellants*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 26, 2024
Filed: January 13, 2025

_____

Before COLLOTON, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

Air Force E-5 Staff Sergeant Cameron Beck was killed when a car driven by Blanca Mitchell, a civilian government employee, crashed into Beck's motorcycle on the Whiteman Air Force Base in Knob Noster, Missouri, where Beck was living and working. Beck was on active duty at the Base's Wing Cybersecurity Office, driving to his home on the Base for lunch. Mitchell pleaded guilty to knowingly operating

a vehicle in a careless and imprudent manner. Because Beck died in the line of duty, his wife and son received $523,000 in benefits and monthly payments from the Department of Veterans Affairs and the Department of Defense.

Beck's wife and son ("Plaintiffs") submitted a wrongful death claim to the Base's Legal Office. The Air Force denied the claim but permitted Plaintiffs to pursue their wrongful death claim in federal court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. The district court[1] granted the government's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, concluding the government is immune from suit under the FTCA as construed by the Supreme Court in Feres v. United States, 340 U.S. 135 (1950), because Beck's injuries arose "out of or . . . in the course of activity incident to service." Id. at 146. Relying on our en banc decision in Miller v. United States, 643 F.2d 481 (8th Cir. 1981), the court concluded that Beck's active duty status and on-Base location at the time of the accident rendered his death "incident to service." The court denied Plaintiffs' requests for additional discovery and for leave to file supplemental suggestions.

Plaintiffs appeal, arguing that claims "which arise from the negligent operation of a motor vehicle by a civilian employee of the Government" are governed by Brooks v. United States, 337 U.S. 49 (1949), not by Feres, and therefore the district court has subject matter jurisdiction. We review the dismissal of Plaintiffs' claim *de novo*. See Wetherill v. Geren, 616 F.3d 789, 792 (8th Cir. 2010), cert. denied, 564 U.S. 1037 (2011). Plaintiffs further argue the district court abused its discretion in denying their request for additional discovery. They did not include this question in the Statement of Issue section of their brief, as F.R.A.P. 28(a)(5) requires. If preserved, we typically review the denial of discovery for gross abuse of discretion. See Wagner v. Gallup, Inc., 788 F.3d 877, 882 (8th Cir. 2015). We affirm.

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

# I. The Feres Doctrine

The FTCA waives the federal government's sovereign immunity and grants district courts subject matter jurisdiction over categories of claims against the United States. Eubank v. Kan. City Power & Light Co., 626 F.3d 424, 427 (8th Cir. 2010). For certain tort claims, the FTCA provides that the government is liable "in the same manner and to the same extent" as a private individual. Id., quoting 28 U.S.C. § 2674. In Feres, the Supreme Court held that the United States retains its sovereign immunity for torts it commits against service members for injuries that "arise out of or . . . in the course of activity incident to service." 340 U.S. at 146. The Supreme Court "has never deviated from this characterization of the Feres bar." United States v. Johnson, 481 U.S. 681, 686 (1987). Thus, the district court's jurisdiction over Plaintiffs' wrongful death claim turns on whether Beck's accident was incident to his Air Force service.

Feres involved three consolidated cases in which "each claimant, while on active duty and not on furlough, sustained injury due to negligence of others." 340 U.S. at 138. The Court distinguished its prior decision in Brooks on which Plaintiffs primarily rely. The Brooks FTCA suit could go forward, the Court explained, because "[he] was on furlough, driving along the highway, under compulsion of no orders or duty and on no military mission." Feres, 340 U.S. at 146.

Our en banc court applied the Feres doctrine in Miller. Private Miller died while working for a private construction company on-base, after his normal duty hours, when the aluminum ladder he was on touched an electrical wire owned and controlled by the United States Army. 643 F.2d at 490. The incident occurred while Miller was on active duty and subject to recall at any time. We noted the "weight of authority" was that Feres bars all suits by on-base, active duty service members, but we held that courts must still "examine the facts of each case as they arise and determine whether they fall within the reasons given by the Supreme Court for its

-3-

conclusion in Feres." Id. at 493. In concluding that Feres barred Miller's suit, we explained: "[t]he key point is that Private Miller was always subject to call for active duty, and that the immediacy of his peculiar and special relationship to his military superiors had not been severed by any such formality as a furlough, leave, or pass." Id. at 494. We also found relevant that Miller's parents were "entitled to compensation under the applicable acts of Congress, which require no showing of fault or negligence." Id.

In applying what is commonly called the Feres doctrine, the Supreme Court "has emphasized three broad rationales underlying the Feres decision," Johnson, 481 U.S. at 688 -- (1) the relationship between the government and service members is distinctively federal in character; (2) Congress has provided death benefits for service members, obviating the need for additional recovery under the FTCA; and (3) suits by service members could involve the judiciary in sensitive military affairs. Id. at 688-91. We adhere to that analytical approach. See Cutshall v. United States, 75 F.3d 426, 428-29 (8th Cir. 1996).

## II. The "Incident to Service" Issue

When Beck reported to his duty station on the morning of April 15, 2021, he was on active duty, subject to his Base Commander and the Uniform Code of Military Justice. He could be recalled to the Base for mission essential purposes if he left during weekends or for lunch. The Base was fully secured; only authorized persons could enter. At 11:00 a.m., Beck started to cycle to his on-Base home for lunch with the Plaintiffs. He would report back to his duty station after the lunch break. Mitchell had finished repairing a machine at the Base's bowling alley and was driving her government-owned van to her supervisor's office when the accident occurred.

We agree with the district court that our en banc decision in Miller is controlling and bars Plaintiffs' FTCA claim. Like Miller, Beck was injured on-Base,

while on active duty, and subject to immediate recall.  Both Miller and Beck were killed during off-duty hours, and both deaths arose out of non-military activities -- Miller was working on a home and Beck was driving his vehicle.  Like Miller's survivors, Plaintiffs were entitled to military benefits.  In examining other circuit interpretations of Feres, we noted in Miller that "Feres is not limited to cases of negligent orders given or negligent acts committed in the course of actual military duty."  643 F.2d at 492.

Plaintiffs argue the key difference between the two claims is that the alleged negligence in Miller was committed by the United States military, whereas the alleged negligence in this case was committed by a civilian government employee.  However, the Supreme Court held this difference irrelevant in Johnson, 481 U.S. at 686-88:

> [T]his Court has never suggested that the military status of the alleged tortfeasor is crucial to the application of the [Feres] doctrine.  Nor have the lower courts understood this fact to be relevant under Feres.  Instead, the Feres doctrine has been applied consistently to bar all suits on behalf of service members against the Government based upon service-related injuries.  We decline to modify the doctrine at this late date.

Plaintiffs further argue that Miller was overruled by the Supreme Court in United States v. Shearer, 473 U.S. 52 (1985), where the Court directed courts to focus primarily on the third rationale articulated in Feres -- whether resolution of the FTCA claim would implicate military management or intrude upon sensitive military affairs.  Therefore, Beck's death was not incident to service because resolution of this ordinary negligent-driving action would not require a court to scrutinize or second guess military decision-making.  The Supreme Court in Johnson rejected this contention.  In that case, the Eleventh Circuit, in concluding the Feres doctrine did not bar an FTCA negligence claim, put "[s]pecial emphasis . . . upon military discipline and whether or not the claim being considered would require civilian courts to second-guess military decisions."  Johnson, 481 U.S. at 685 (quotation omitted).

The Supreme Court reversed and dismissed the FTCA claim for lack of jurisdiction. Like our en banc decision in <u>Miller</u>, the Court considered the "circumstances of the case" in light of the three <u>Feres</u> rationales, putting no special weight on whether resolution would involve the judiciary in sensitive military affairs. <u>Id.</u> at 686-92. Therefore, <u>Miller</u> and <u>Johnson</u> control and bar Plaintiffs' FTCA claim.

### III. The Jurisdictional Discovery Issue

In opposing the government's motion to dismiss for lack of subject matter jurisdiction, Plaintiffs moved to stay the district court's ruling to allow further jurisdictional discovery and asked for permission to submit the transcript of Mitchell's deposition, taken after the government filed its motion to dismiss. In the deposition, Mitchell testified that, at the time of the crash, she was an ordinary civilian government employee with no connection to military decision-making or discipline and took full responsibility for the accident. The district court denied this relief, concluding that additional discovery and submission of Mitchell's deposition testimony would reveal facts "not material to the Court's analysis under <u>Feres</u>." Plaintiffs argue the district court erred by denying jurisdictional discovery. They contend that Mitchell's deposition testimony would show that Mitchell took full responsibility for Beck's death, was not engaged in military activities at the time of the accident, and was paid out of non-appropriated funds earned through the operation of civilian services. This would establish that resolution of their FTCA claim "does *not* require the civilian court to second-guess any military decisions."

A court does not abuse its discretion when it denies jurisdictional discovery if the FTCA plaintiff's complaint makes "the applicability of <u>Feres</u> . . . an open-and-shut case." <u>Wetherill</u>, 616 F.3d at 799. Additional jurisdictional discovery is not needed if the "facts necessary to resolving the jurisdictional inquiry" are known

and undisputed.  <u>Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co.</u>, 646 F.3d 589, 598 (8th Cir. 2011) (quotation omitted).

We agree with the district court that the additional facts identified by Plaintiffs "are not material to the determination of whether <u>Feres</u> applies."  Rather, undisputed facts resolve the <u>Feres</u> inquiry.  As discussed, <u>Feres</u> as construed by the Supreme Court in <u>Johnson</u> applies to bar Plaintiffs' claims whether or not Mitchell was a civilian government employee and whether or not her negligent driving caused Staff Sergeant Beck's injuries.  The accident occurred on-Base when Beck was on active duty and subject to recall and therefore occurred "incident to service," even if resolution of the negligence issue would not require second guessing a military decision.  The district court did not abuse its discretion by denying Plaintiffs' motion for jurisdictional discovery and request to submit Mitchell's deposition.

The judgment of the district court is affirmed.

_____