United States Court of Appeals,

Fifth Circuit.

No. 94-20793

Summary Calendar.

Jens SCHOEMER and Shirre Schoemer, Plaintiffs-Appellants,

v.

UNITED STATES of America, et al., Defendants-Appellees.

July 25, 1995.

Appeal from the United States District Court for the Southern District of Texas.

Before DUHÉ, WIENER and STEWART, Circuit Judges.

DUHÉ, Circuit Judge:

Jens and Shirre Schoemer appeal the district court's dismissal of their suit against the United States. Jens Schoemer sought recovery for alleged medical malpractice under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680 (1988), and his wife Shirre Schoemer sought damages for loss of her husband's income, support, and consortium. The court dismissed the case for lack of subject matter jurisdiction based on *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). We affirm.

BACKGROUND

Jens Schoemer enlisted in the United States Army in 1987 for an eight year term. After serving four years on active duty, Schoemer was assigned to the inactive reserves in August 1991. He decided to serve out his term in the Louisiana National Guard, which required him to undergo a preenlistment medical examination.

1

In December 1991, Schoemer reported to the U.S. Military Entrance Processing Station in Houston for the examination. He alleges that Dr. Schnur diagnosed him as having acromegaly, an abnormality of the pituitary gland, and recommended that Schoemer be referred to an internal medicine clinic. Instead, Dr. Magliolo, the Chief Medical Officer, pronounced Schoemer eligible for duty and did not recommend any treatment. Schoemer was diagnosed as having acromegaly eleven months later. He alleges that the delay in treatment has caused him significant injury.[1]

The Schoemers brought an FTCA suit against the United States which moved to dismiss citing *Feres.* Initially, the court denied the motion citing our decisions in *Jones v. United States,* 729 F.2d 326 (5th Cir.1984), and *Adams v. United States,* 728 F.2d 736 (5th Cir.1984). On cross motions for summary judgment, however, the court changed its mind and applied *Feres.* Consequently, the court did not consider the summary judgment motions because it dismissed the case for lack of subject matter jurisdiction.

## DISCUSSION

The Supreme Court created a judicial exception to the FTCA for injuries to servicemen that arise from the course of activity incident to service. *Feres,* 340 U.S. at 146, 71 S.Ct. at 159. Three rationales support the exception: (1) the "distinctively federal" relationship between a serviceman and his superiors; (2) the ability of servicemen to receive no-fault statutory disability

---

[1]Schoemer underwent two operations, one of which was intercranial. He has significant hormonal problems, loss of function in one eye, and a permanent scar.

and death benefits;  and (3) the need to preserve military discipline and prevent judicial second guessing of military decisions.  *United States v. Johnson,* 481 U.S. 681, 688-91, 107 S.Ct. 2063, 2067-69, 95 L.Ed.2d 648 (1987).  Whether *Feres* applies to deprive a court of subject matter jurisdiction is a question of law, which we review de novo.  *Miller v. United States,* 42 F.3d 297, 300 (5th Cir.1995).

*Feres* applies if the serviceman's injury was incident to military service.  *Johnson,* 481 U.S. at 691, 107 S.Ct. at 2069.  We examine the totality of the circumstances to determine whether a serviceman's injury was incident to military service.  *Parker v. United States,* 611 F.2d 1007, 1013 (5th Cir.1980).  In particular, we consider:  (1) the serviceman's duty status;  (2) the site of his injury;  and (3) the activity he was performing.  *Id.* at 1013-15.

We often treat the serviceman's duty status as the most important factor because it indicates the nature of the nexus between the serviceman and the Government at the time of injury. *Adams,* 728 F.2d at 739.  We view duty status as a continuum ranging from active duty to discharge.  *Cortez v. United States,* 854 F.2d 723, 725 (5th Cir.1988).  Duty status may be dispositive;  *Feres* applies to a serviceman who is on active duty and has active status but not to one who has been discharged.  *Jones,* 729 F.2d at 328; *Adams,* 728 F.2d at 739;  *see also United States v. Brown,* 348 U.S. 110, 112, 75 S.Ct. 141, 143, 99 L.Ed. 139 (1954) (distinguishing servicemen who are on active duty and subject to military

3

discipline from discharged servicemen who have civilian status). Nevertheless, if the serviceman's duty status falls somewhere in the middle of the continuum, then duty status is less important and we look to the other factors. *Kelly v. Panama Canal Comm'n,* 26 F.3d 597, 600 (5th Cir.1994).[2]

At the time of Schoemer's examination, he had inactive status in the Army and was preparing to enter the Louisiana National Guard. *Feres* applies both to reservists and National Guardsmen. *Stauber v. Cline,* 837 F.2d 395, 399 (9th Cir.) *cert. denied,* 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988); *Estate of Martinelli v. United States Dep't of the Army,* 812 F.2d 872, 873 (3d Cir.), *cert. denied,* 484 U.S. 822, 108 S.Ct. 82, 98 L.Ed.2d 44 (1987); *Anderson v. United States,* 724 F.2d 608, 610 (8th Cir.1983); *Mattos v. United States,* 412 F.2d 793, 794 (9th Cir.1969). Although Schoemer was no longer on active duty, he was still in the Army. Because Schoemer's duty status does not answer the *Feres* question dispositively, we consider the other *Parker* factors.

In medical malpractice cases, however, the duty status inquiry subsumes the inquiry concerning the serviceman's activity at the time of injury. *Adams,* 728 F.2d at 741. In place of *Parker* 's third factor we inquire whether the serviceman's treatment was

---

[2]*Feres* can apply to a serviceman who is not on active duty at the time of injury. *Miller,* 42 F.3d at 303. *Jones* and *Adams* do not counsel otherwise. Rather, we *require* application of *Feres* to medical malpractice cases when the serviceman is on active duty at the time of the alleged malpractice. *Scales v. United States,* 685 F.2d 970, 973 (5th Cir.1982), *cert. denied,* 460 U.S. 1082, 103 S.Ct. 1772, 76 L.Ed.2d 344 (1983).

intended to return him to military service. *Id.* Because the purpose of Schoemer's medical examination was to allow him to enlist in the Louisiana National Guard, the examination was a prerequisite to his return to military service.[3]

One court has applied *Feres* to bar an FTCA claim arising from a National Guard preenlistment medical examination. *Hall v. United States,* 528 F.Supp. 963, 967-68 (D.N.J.1981), *aff'd,* 688 F.2d 821 (3d Cir.1982). Other courts have reached the same result for medical examinations that are a prerequisite to active duty. *See Bowers v. United States,* 904 F.2d 450, 452 (8th Cir.1990); *West v. United States,* 729 F.2d 1120, 1122-23 (7th Cir.), *aff'd en banc,* 744 F.2d 1317 (7th Cir.1984), *cert. denied,* 471 U.S. 1053, 105 S.Ct. 2113, 85 L.Ed.2d 478 (1985); *Yolken v. United States,* 590 F.2d 1303, 1303 (4th Cir.1979) (per curiam); *Calhoun v. United States,* 475 F.Supp. 1, 3-4 (S.D.Cal.1977), *aff'd,* 604 F.2d 647 (9th Cir.1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1029, 62 L.Ed.2d 761 (1980).

In *Bowers,* after a medical examination Bowers was to serve five months in the Air Force Reserve and then go on active duty. The Eighth Circuit considered the three rationales supporting *Feres*

---

[3]Because *Parker* 's third factor supports the application of *Feres* to this case, we distinguish two separate lines of cases that have allowed FTCA claims to proceed. First, when an active duty serviceman sustains an injury on leave or furlough, we focus on the serviceman's activity to show that he was not acting incident to military service. *See, e.g., Parker,* 611 F.2d at 1015. Second, when a serviceman alleges medical malpractice at a time when he has not yet been discharged, we focus on the purpose of his treatment to show that his injury was not incident to military service. *See, e.g., Cortez,* 854 F.2d at 725; *Adams,* 728 F.2d at 741.

in the context of the pre-induction medical examination. Bowers was not entitled to any statutory benefits because he had not served any time on active duty. *Id.* at 451. Nevertheless, the court noted that Bower's relationship with the Air Force was distinctively federal, and that a negligence action would have a direct effect on military judgments and decisions. *Bowers,* 904 F.2d at 452. Since two of the three rationales were relevant, the Eighth Circuit applied *Feres* because "there is no question that pre-induction physicals are activities incident to service." *Id.* at 452.

In this case, although Schoemer's enlistment into the Louisiana National Guard adds a state flavor to his relationship with his superiors,[4] he is entitled to veteran's benefits because of his stint on active duty. Furthermore, the availability of a negligence action would require the military to allocate its resources to prevent and compensate mistakes in pre-induction medical examinations. *Bowers,* 904 F.2d at 452. This third rationale is the overriding consideration in any single case. *Scales,* 685 F.2d at 973.

Applying the three *Parker* factors, we conclude that Schoemer's preenlistment medical examination was incident to military service. Furthermore, the policies behind *Feres* support its application to this case. Having considered the totality of

---

[4]State National Guard members serve the state and the nation in a dual capacity. *See Perpich v. Department of Defense,* 496 U.S. 334, 345-46, 110 S.Ct. 2418, 2425-26, 110 L.Ed.2d 312 (1990).

the circumstances, we conclude that the district court properly applied *Feres* and dismissed the Schoemers' suit for lack of subject matter jurisdiction.[5]

CONCLUSION

For the foregoing reasons, the district court's dismissal of Appellants' FTCA suit for lack of subject matter jurisdiction is

AFFIRMED.

---

[5]*Feres* bars Shirre Schoemer's derivative claims as well. *See Gaspard v. United States,* 713 F.2d 1097, 1101-02 (5th Cir.1983), *cert. denied,* 466 U.S. 975, 104 S.Ct. 2354, 80 L.Ed.2d 826 (1984). The Schoemers ask us either to overrule *Feres* or to hold its judicially created FTCA exception unconstitutional by separation of powers. We leave these arguments for the Supreme Court.