# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 98-51159
Summary Calendar

_____

JEREMY DUNCAN,

Plaintiff-Appellant,

versus

F. WHITTEN PETERS, Acting Secretary of the Air Force;
DEPARTMENT OF THE AIR FORCE,

Defendants-Appellees.

_____

DEBRA L. DUNCAN,

Plaintiff-Appellant,

versus

F. WHITTEN PETERS, Acting Secretary of the Air Force;
DEPARTMENT OF THE AIR FORCE,

Defendants-Appellees.

_____

Appeal from United States District Court
for the Western District of Texas
(USDC Nos. SA-98-CV-486 & 98-CV-487)

_____

July 27, 1999

Before POLITZ, BARKSDALE and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

      The district court granted summary judgment in favor of Defendants-Appellees on the basis

of Feres v. United States, 340 U.S. 135 (1950) and Gaspard v. United States, 713 F.2d 1097 (5ᵗʰ Cir.

1983).  In Feres, the Court held that members of the armed forces could not bring a claim against the

federal government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) (1994), for

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

injuries that "arise out of or are in the course of activity incident to service." 340 U.S. at 146. In Gaspard, we observed that the Feres doctrine extended to bar suits by relatives of service members, when a "crucial element" of the relative's claim is the in-service injury to the service member. 713 F.2d at 1102. Following Gaspard's lead, the court below granted summary judgment because it found that a "crucial element" of Plaintiffs-Appellants' injury was a military investigation into a service member related to them. Because we agree with the reasoning of the district court, we affirm its decision.

## FACTUAL & PROCEDURAL BACKGROUND

This case begins with a military investigation into the kidnaping and murder of Heidi Seeman, daughter of Air Force Master Sergeant Curtis Seeman. As a possible suspect, Air Force investigators focused on Major Robert Eric Duncan ("Major Duncan"), Seeman's one-time supervisor. Duncan allegedly made threats against Seeman shortly after Duncan had been reassigned and before Seeman's daughter was abducted.

Plaintiffs-Appellants Debra L. Duncan ("Debra") and Jeremy Duncan ("Jeremy") (collectively, "Duncans") are Major's Duncan's wife and son. In separate complaints brought pursuant to the FTCA, the Duncans alleged that Air Force investigators intentionally inflicted emotional distress upon them. Debra complained that investigators inappropriately contacted her employers, questioning persons there and demanding her personnel records. Jeremy's complaint involved similar contacts the investigators had with his schools and friends. According to the Duncans' complaints, at the time of these contacts, the investigators were acting "within the scope of their office or employment" and were hoping to turn Debra and Jeremy against Major Duncan.

Although the Duncans' complaints named as defendants the Air Force and its Acting Secretary F. Whitten Peters, the United States Attorney entered an appearance in the cases, listing the United States as the defendant and styling each pleading Duncan v. United States. When the United States moved to consolidate the two cases, the district court granted the request. Subsquently, the United States filed a motion to dismiss or, in the alternative, for summary judgment

2

on the basis of <u>Feres</u>. The district court granted the Government's request for summary judgment, holding that the Duncans' actions were barred by the <u>Feres</u> doctrine.

## DISCUSSIONI

Relying on <u>Feres</u>, the court below granted summary judgment to the United States. Although we have held that the appropriate course of action, when a court lacks subject-matter jurisdiction pursuant to <u>Feres</u>, is to dismiss the case pursuant to FED. R. CIV. P. 12(b)(1), we have also held that a district court's grant of summary judgment on that basis is harmless error. <u>See Capozzoli v. Tracey</u>, 663 F.2d 654, 657 n.2 (5th Cir. Dec. 1981). We review *de novo* a determination that a district court lacked subject-matter jurisdiction. <u>See Schoemer v. United States</u>, 59 F.3d 26, 28 (5th Cir. 1995). Such a determination is acceptable only when, accepting as true the facts as set out by the nonmoving party, it appears certain that a plaintiff can prove no set of facts that would justify relief. <u>See Saraw Partnership v. United States</u>, 67 F.3d 567, 569 (5th Cir. 1995).

## II

We pause to observe that the Duncans brought their FTCA actions against Defendants-Appellees the Air Force and Acting Secretary F. Whitten Peters, and not against the United States.[2] Under the express terms of the FTCA, only the United States "and not the responsible agency or employee" can be sued. <u>See Galvin v. Occupational Safety & Health Admin.</u>, 860 F.2d 181, 183 (5th Cir. 1988); <u>see also</u> 28 U.S.C. § 2679(a) (1994). Accordingly, we have held that an FTCA plaintiff "must name the United States as the sole defendant." <u>See McGuire v. Turnbo</u>, 137 F.3d 321, 324 (5th Cir. 1998). When a plaintiff has brought a claim against a federal agency or employee, we have dismissed the claim for lack of subject-matter jurisdiction. <u>See, e.g., Galvin</u>, 860 F.2d at 183; <u>Gregory v. Mitchell</u>, 634 F.2d 199, 204-05 (5th Cir. 1981); <u>Carr v. Veterans Admin.</u>, 522 F.2d 1355, 1356 (5th Cir. 1975).

---

[2] Although the parties do not address this aspect of our subject-matter jurisdiction, this court is obliged to do so *sua sponte*. <u>See In re Bass</u>, 171 F.3d 1016 (5th Cir. 1999).

3

There are certain circumstances present in the case at bar, however, that to our knowledge no court has addressed in this context and which arguably cut against our applying this rule. First, the United States entered a general appearance in this case, even though it had not been named as a defendant in an FTCA suit. Next, when the United States moved to consolidate the cases, it styled the case as one against the United States. Finally, after expressly noting that FTCA actions could be brought only against the United States, the district court's judgment also styled the case <u>Duncan v. United States</u>. All this, despite (1) no explicit order substituting the United States as the defendant; and (2) no alteration to the district court's docket sheets, which continued to list the Air Force and Acting Secretary Peters as the defendants.

Because we find that the district court correctly dismissed the Duncans' causes of action, we need not resolve the potentially difficult issue whether the district court should also have dismissed the case on the basis of faulty pleading as well. Accordingly, we turn to the heart of the Duncans' appeal.

**III**

In 1950, the <u>Feres</u> Court excluded members of the armed forces from the application of the FTCA. Service members are barred from bringing tort suits against the Government for injuries arising out of or in the course of their service. <u>See</u> 340 U.S. at 146. In 1987, the Supreme Court reaffirmed the doctrine, citing three rationales for retaining it: (1) that the relationship between the Government and service members is distinctively federal in character, and liability under the FTCA would inappropriately subject the Government to state-law torts; (2) that service members have access to an alternate scheme of benefits; and (3) that suits brought by service members improperly involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness. <u>See United States v. Johnson</u>, 481 U.S. 681, 688-90 (1987).

In a case decided several months before <u>Feres</u>, we held that the dependent of a service member could pursue an FTCA claim against a military hospital that had negligently treated her. <u>See Costley v. United States</u>, 181 F.2d 723, 726 (1950). We later explained that <u>Costley</u> was reconcilable

4

with <u>Feres</u> because the negligent conduct in <u>Costley</u> was "directed to the dependent *alone* and [did] not involve any decisions by the military toward enlisted personnel." <u>Scales v. United States</u>, 685 F.2d 970, 974 (5th Cir. 1982) (emphasis added). We cautioned that when a dependent's suit would place the judiciary "in the position of questioning the propriety of decisions or conduct of fellow members of the Armed Forces," <u>Feres</u> would apply. <u>Id.</u> Accordingly, we held that a child could not bring an FTCA claim against the United States for a birth defect allegedly caused by a rubella vaccination his mother received during her service in the Air Force. <u>See id.</u> Similarly, in <u>Gaspard</u> we rejected the claims of wives of service members that radiation exposure to their husbands had independently caused the wives to experience emotional distress. <u>See</u> 713 F.2d at 1101. We observed that, because a "crucial element" of the wives' claims was the "in-service injury inflicted on their husbands," <u>Feres</u> barred the claims. <u>Id.</u> at 1102.

With this background in mind, we agree with the district court that the Duncans' claims are precluded under <u>Feres</u> and its progeny. Their complaints do not allege that the Government's tortious conduct was "directed to the dependent[s] alone and [did] not involve any decisions by the military toward enlisted personnel." <u>Scales</u>, 685 F.2d at 974. Rather, the complaints specifically alleged that when the Air Force investigators contacted Debra's employers and Jeremy's schools, the investigators were acting within the scope of their office and hoping ultimately to turn Major Duncan's family against him. This is not a situation like <u>Costley</u>, in which the military hospital negligently and directly treated only the military dependent. Instead, the circumstances are similar to <u>Scales</u>, in which the military acted toward the service member but caused injury to the service member's dependents. The Duncans' claims are that they suffered injury as a result of an "in-service injury," specifically the Air Force's investigation into Major Duncan. <u>See Gaspard</u>, 713 F.2d at 1102. Their suits improperly asked the district court to "question[] the propriety of decisions or conduct of" members of the armed forces, the Air Forces investigators. <u>Scales</u>, 685 F.2d at 974. Therefore, we hold that <u>Feres</u> bars such claims.

## CONCLUSION

Because we find that the district court did not have subject-matter jurisdiction under <u>Feres</u> to consider the Duncans' causes of action, we do not reach the government's additional argument premised on the discretionary-function exception to the FTCA.  For the reasons set forth above, we AFFIRM the decision of the district court.