**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 99-51168
Summary Calendar**
_____

**MARY C. FELTON; LONNIE B. FELTON, SR.,**

**Plaintiffs-Appellants,**

**versus**

**UNITED STATES OF AMERICA,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court
for the Western District of Texas
(W-98-CV-386)**
_____

September 26, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Mary C. Felton retired from the United States Army in September 1995. Later, she filed administrative claims for negligence by military personnel concerning delay in medical treatment. Such alleged medical malpractice took place before and after her retirement.

After her administrative claims were denied, Mrs. Felton and her husband filed this action against the Government under the Federal Tort Claims Act (FTCA). The Government moved for summary

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment, contending that the *Feres* doctrine barred the claims. The motion was granted.

"We apply de novo review to summary judgment motions and evaluate the case under the same standards employed by the district court." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (citing *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 (5th Cir. 1999)). Summary judgment is proper if there is *no* material fact issue *and* the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56.

Under the *Feres* doctrine, a member of the armed services is precluded from bringing an action against the Government for injuries arising out of, or in the course of, activities incident to military service. *Feres v. United States*, 340 U.S. 135, 146 (1950). Our court requires the application of *Feres* to "medical malpractice cases when the serviceman is on active duty at the time of the alleged malpractice". *Schoemer v. United States*, 59 F.3d 26, 29 n.2 (5th Cir. 1995), *cert. denied*, 516 U.S. 989 (1995). Accordingly, Mrs. Felton's claims for pre-retirement negligence are barred.

Although the district court held that Mrs. Felton's claims for post-retirement negligence were likewise barred by the *Feres* doctrine, we do *not* need to reach that issue. Assuming those claims were *not* so barred, we must apply state law to determine the Government's liability for torts within the FTCA waiver of immunity. *See* 28 U.S.C. §§ 1346(b), 2674. Mrs. Felton's claim that the Government was negligent in failing to provide her with

2

certain medical services after her retirement — specifically, an earlier gynecological appointment — still fails.  Under 10 U.S.C. § 1074(b), provision of medical services to retired service members is discretionary, *not* mandatory.  Because § 1074(b) imposes *no* duty upon the Government to provide Mrs. Felton with post-retirement medical care, she cannot establish a negligence claim under Texas law.  *See Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1445 (5th Cir. 1990).

Similarly, Mrs. Felton *cannot* establish a negligence claim under the FTCA for the Government's alleged delay in authorizing her treatment by a private provider, because she could *not* establish a similar claim  against a private actor under Texas law. *See* 28 U.S.C. §§ 1346(b), 2674; *Corporate Health Ins., Inc. v. Texas Dep't of Ins.*, 215 F.3d 526, 534 (5th Cir. 2000).

Mr. Felton's claim, for loss of consortium, is derivative of Mrs. Fulton's claims.  *See Benavides v. County of Wilson*, 955 F.2d 968, 975 (5th Cir. 1992) (citing *Reagan v. Vaughn*, 804 S.W.2d 463, 467 (Tex. 1990)), *cert. denied*, 506 U.S. 824 (1992).  Because summary judgment was properly granted against Mrs. Felton, his derivative claim is also barred.  *Id.* (citing *Reed Tool Co. v. Copelin*, 610 S.W.2d 736, 739 (Tex. 1980)).

*AFFIRMED*