# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60567
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2016

Lyle W. Cayce
Clerk

GREGORY PAYNE DAVIDSON,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:14-CV-230

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Gregory Payne Davidson appeals the district court's order dismissing Davidson's claims against his former superiors at the National Guard due to lack of subject matter jurisdiction. We AFFIRM.

## I. Background

In November of 2014, former Mississippi Army National Guard Staff Sergeant Gregory Payne Davidson filed suit in Mississippi state court against

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60567

two of his former superior officers, acting Commander Michael Gray and acting First Sergeant Dallas Cleveland. According to Davidson, in response to an email he wrote to Gray complaining about Cleveland's conduct, Gray and Cleveland retaliated against him by causing him to fail two physical fitness tests and by fabricating Davidson's Noncommissioned Officer Evaluation Report to indicate that his physical fitness "need[ed] improvement." Davidson alleged that because of Gray and Cleveland's actions, he was unable to reenlist in the National Guard. He asserted state law claims against Gray and Cleveland for intentional interference with employment and intentional malicious interference with prospective economic gain.

Gray and Cleveland jointly removed the action to federal district court. Upon certifying that Gray and Cleveland were federal employees acting within the scope of their federal employment at the time of the alleged actions, the United States of America substituted itself for Gray and Cleveland. The United States then filed a motion to dismiss Davidson's complaint based on, among other things, lack of subject matter jurisdiction under the *Feres*[1] doctrine. The district court granted the Federal Rule of Civil Procedure 12(b)(1) motion to dismiss, and Davidson timely appealed.

## II. Discussion

We review de novo a district court's granting of a motion to dismiss under Rule 12(b)(1). *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). In reviewing a Rule 12(b)(1) disposition, a district court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the that court's resolution of disputed facts." *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008) (citation

---

[1] *Feres v. United States*, 340 U.S. 135 (1950).

No. 15-60567

omitted); *see also Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) ("In considering a challenge to subject matter jurisdiction, the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." (citation omitted))

The *Feres* doctrine bars claims asserted by military service members against their superiors "where the injuries arise out of or are in the course of activity incident to service." *Feres v. United* States, 340 U.S. 135, 146 (1950); *see also United States v. Stanley*, 483 U.S. 669, 679 (1987) ("[T]he unique disciplinary structure of the Military Establishment and Congress' activity in the field constitute 'special factors' which dictate that it would be inappropriate to provide enlisted military personnel a [federal] remedy against their superior officers." (citation omitted)); *Chappell v. Wallace*, 462 U.S. 296, 304–05 (1983) ("[W]e must be concerned with the disruption of the peculiar and special relationship of the soldier to his superiors that might result if the soldier were allowed to hale his superiors into court . . . ." (alteration in original) (citation omitted)); *Crawford v. Tex. Army Nat'l Guard*, 794 F.2d 1034, 1035 (5th Cir. 1986) ("[C]ivilian courts may not sit in plenary review over intraservice military disputes.").

The *Feres* doctrine applies to National Guardsmen. *Schoemer v. United States*, 59 F.3d 26, 29 (5th Cir. 1995); *Walch*, 533 F.3d at 296–97. The *Feres* doctrine also applies to state claw claims because "[j]udicial review of a claim for damages asserted on the basis of state law would constitute no less an unwarranted intrusion into the military personnel structure than the entertainment of [federal claims]." *Holdiness v. Stroud*, 808 F.2d 417, 419–20, 426 (5th Cir. 1987) (dismissing a discharged National Guardsmen's state law claim brought against his former superiors for discriminatorily denying him a promotion and giving him an arbitrarily low job evaluation report).

3

No. 15-60567

In determining whether Davidson's claimed injuries occurred in the course of activity incident to service and are thus barred under *Feres*, we examine the totality of the circumstances.[2] *See Schoemer*, 59 F.3d at 28. The "incident to service" test has been broadly construed to immunize the United States and members of the military from any suit that might intrude upon military affairs, second-guess military decisions, or impair military discipline. *See Miller v. United States*, 42 F.3d 297, 302 (5th Cir. 1995).

It is readily apparent that the actions alleged in Davidson's complaint occurred "in the course of activity incident to service" in the National Guard. *See Feres*, 340 U.S. at 146. The complaint notes that Davidson was a member of the National Guard, with Gray serving as his acting Commander and Cleveland as his acting First Sergeant. Attached to the complaint is an email, sent to Gray's National Guard email address, in which Davidson expresses misgivings about Cleveland's conduct. Davidson's complaint further disagrees with the manner in which Cleveland and Gray conducted two physical fitness tests that Davidson failed. Finally, Davidson's complaint also attaches his noncommissioned officer's evaluation report—allegedly falsified by Gray and Cleveland—that states that Davidson "need[ed] improvement" in certain categories, including physical fitness.[3] In sum, it is clear that the alleged

---

[2] "In particular, we consider: (1) the serviceman's duty status; (2) the site of his injury; and (3) the activity he was performing." *Schoemer*, 59 F.3d at 28.

[3] Davidson does not dispute that he has yet to pursue administrative remedies for his claims with the Army Board for Correction of Military Records. In any event, even assuming Gray and Cleveland acted maliciously, Davidson's claim that *Feres* is inapplicable to common law intentional torts is incorrect. *See Holdiness*, 808 F.2d at 419, 426 & n.51 (dismissing a state law claim based on the allegedly discriminatory denial of a promotion, and citing *Trerice v. Pederson*, 769 F.2d 1398, 1404 (9th Cir. 1985) (noting that *Feres* has been extended to cover "actions for injuries arising out of intentional tortious conduct")).

actions within the complaint occurred "in the course of activity incident to service" in the National Guard.[4]  *Id.*

Davidson unconvincingly argues that *Feres* is inapplicable because he was not on active duty due to the federal sequestration in effect at the time of his failed physical fitness tests.  However, "[t]he fact that an injured service member is not on active duty when the injury occurs does not preclude application of the *Feres* doctrine."  *Miller*, 42 F.3d at 303.  A prime rationale for the *Feres* doctrine is that military training decisions—such as how to conduct physical fitness tests and evaluate military personnel—are professional military judgments best left to the legislative and executive branches and not to civilian courts.  *See id.* at 303–04; *see also Walch*, 533 F.3d at 301 ("[A] court may not reconsider what a claimant's superiors did in the name of personnel management—demotions, determining performance level, reassignments to different jobs—because such decisions are integral to the military structure.").  The *Feres* doctrine applies here, and the district court did not err in determining that it lacked subject matter jurisdiction.

We AFFIRM.[5]

---

[4] Davidson also attempts to argue that his injuries did not occur incident to his service in the National Guard because, according to his complaint, his evaluation report was not provided to him until after his discharge.  This argument is specious at best.  The injury Davidson complains of is the discharge *itself*.  For the allegedly false evaluation report to have contributed to his injury, it inevitably would have had to influence the decision to discharge Davidson *before* the discharge actually occurred.  The mere fact that Davidson did not *receive* the evaluation report until after his discharge is irrelevant.

[5] Due to the lack of jurisdiction, Davidson's request that we re-substitute the initial individual defendants is dismissed as moot.